DANAHER and another vs. PRENTISS.

*Bill of interpleader, after judgment at law.—Practice in case of double garnishment.*

1. One who is twice garnished for the same debt, may obtain a stay of proceedings in the second action, by motion founded either upon affidavits or upon an averment in his answer, not traversed, of the pendency of the prior action.
2. Equity will not relieve from a judgment on any ground of which the judgment debtor might have availed himself in the action at law.
3. A bill will not lie, therefore, in favor of a garnishee against whom judgment has been taken, to compel the judgment plaintiff to interplead with the plaintiff in a *prior* garnishee action against the same party for the same debt.

APPEAL from the Circuit Court for *Milwaukee* County. Action in the nature of a bill of interpleader, and for an account, etc., brought by *Danaher* and *Rooney* against *Prentiss*, *Rodway*, *Power*, *Furlong* and another. It appears that plaintiffs were garnished on the 2d of August, 1864, in an action by *Prentiss* against *Power*, for about $1,700, on a note for money loaned. The alleged ground of their liability was, that as assignees of a certain contract between *Power* and a railroad company, they were indebted to him for his share of the net profits of the contract. By the *terms* of the assignment, a one-half interest in the contract went to *Furlong*, and half the net proceeds were payable to him; but these provisions are treated throughout the proceedings as fraudulent and void as to creditors of *Power*, who was the true owner of said half interest. In their answer in said action of garnishment, they denied owing *Power* more than $474; and also set up the pendency of another action against them and others by *Rodway*, in which he sought to compel the payment to him of their alleged indebtedness to *Power*, to satisfy a judgment obtained by him against *Power* in 1857, for $1,177. It

appears that on the 1st of August, 1864 (the day before gar-
nishee proceedings in *Prentiss's* suit were commenced), *Rod-
way*, upon his complaint, obtained an injunctional order,
which, *inter alia*, restrained *Danaher* and *Rooney* from pay-
ing any moneys arising from said contract to any person
but himself, until the further order of the court. At the·
trial of the action in garnishment, *Danaher* and *Rooney*
objected to the admission of any evidence for the complain-
ant therein, on account of the pendency of said action of
*Rodway* against them; and excepted to the decision of the
court overruling the objection. They also offered the rec-
ord of said pending action in evidence, and excepted to the
rejection of the evidence. Judgment was rendered against
them for $1,460; which this court, at its January term,
1866, affirmed, holding, among other things, that the objec-
tion of the pendency of the action by *Rodway* "was not
taken in time, nor in the proper form;" that "instead of
waiting until the trial, and reading the record in the other
suit in evidence on the defense, the defendants should have
moved at once, upon affidavits showing the facts, for a stay
of proceedings in this action until the other was termina-
ted." See 20 Wis., 311–20 (318). After this decision the
present action was brought.

The complaint herein, after setting out *Power's* contract
with the railroad company, its assignment to plaintiffs, etc.,
and the facts concerning the recovery of judgments against
*Power* by *Rodway* and *Prentiss*, the action by *Rodway* and
the garnishee proceedings by *Prentiss* against plaintiffs, and
alleging that there was due *Power* from plaintiffs only $474,
avers, *inter alia*, that said actions against plaintiffs were insti-
tuted by *Rodway* and *Prentiss* in collusion with *Power*; that
*Prentiss* had collected out of collaterals by which his loan
to *Power* was secured, the whole amount of his claim, which
fact was collusively and wrongfully concealed from plain-

tiffs; that *Prentiss* and *Rodway* nevertheless set up conflicting claims to the whole sum due from plaintiffs to *Power ;* that *Power* and *Rodway* claim a greater sum to be due the former than is admitted by plaintiffs; that as between plaintiffs and *Prentiss,* the judgment obtained by the latter in garnishment is conclusive as to the amount, but not as between plaintiffs and the other defendants; that plaintiffs offer to pay into court the amount of such judgment and costs, to be disposed of as the court shall direct, and to account with the other defendants for all moneys in their hands belonging to *Power.* It is then alleged that this action is brought without any collusion with any of the defendants; and also that *Prentiss* has issued an execution on his judgment. Prayer for an injunction restraining *Prentiss,* and all officers, etc., from further enforcing his judgment on execution, etc., and that plaintiffs may be allowed to pay the amount of his judgment and costs into court, in full satisfaction of all claims of all the defendants, and that *Rodway* be restrained from prosecuting his suit, and that if either of the parties other than *Prentiss* is discontented with the amount admitted to be due from plaintiffs to *Power,* then that an account be taken, etc., and that on the final hearing said injunctions be made perpetual, and the court determine which of said defendants is entitled to the amount due from plaintiffs for *Power's* share of said net profits, and award said sum accordingly, and that plaintiffs be protected from paying said amount more than once; and for general relief.

*Prentiss* answered, denying that he had ever received, upon collateral securities or otherwise, any part of the amount for which he had taken judgment against the plaintiffs; denying the charge of collusion; and demanding that the injunctional order be dissolved and the complaint dismissed as to him. Thereupon, after a hearing upon an

order to show cause, the court made an order dissolving the injunctional order as to *Prentiss*; and from this the plaintiffs appealed.

*Brown & Pratt*, for appellants, contended that the judgment in *Prentiss vs. Danaher and Rooney* was conclusive only as to the amount due from the defendants therein to *Power*, and that no other issue could have been tried under the pleadings. Laws of 1864, chap. 200; *Hamilton v. Marks*, 19 Eng. L. & E., 321; *King v. Baldwin*, 17 Johns., 384; *Bateman v. Willoe*, 1 Sch. & Lef., 205; *Rathbone v. Warren*, 10 Johns., 587; *Carrington v. Holabird*, 17 Conn., 530; 2 Story's Eq. Jur., § 806. 2. This would be sustained as a pure bill of interpleader. The judgment is conclusive as to the amount due from the appellants to *Power*, upon all the defendants except *Rodway*, and he does not object to the amount stated in the judgment. 3. The appellants were *quasi* partners of *Power* and *Furlong*, or their assignees, and bound to account. All matters of account, whether between partners strictly or others, are a source of original equity jurisdiction. 2 Story's Eq. Jur., § 441 et seq. 4. The remedy in equity is more complete than that at law. Equity brings before it all parties in interest, and may compel them to litigate their respective rights at law, and may itself decide those rights. 1 Story, § 450. 5. If the amount of the claim is unliquidated in regard to *Rodway* or others, a court of equity is the proper tribunal to take the account; and in doing so, it will call before it all parties claiming an interest in the whole or any specified part of the balance due, and administer complete justice between them. 1 Story's Eq. Jur., §§ 64, 65, 67, et seq.; 2 id., § 824; *Corporation of Carlisle v. Wilson*, 13 Vesey, 278; *Jesus College v. Bloom*, 3 Atk., 262; *Ludlow v. Simond*, 2 Caines Cas., 38. 6. There was no laches in not bringing this bill before the judgment of *Prentiss*. There is much doubt whether a bill

of interpleader could be sustained so long as the amount was in dispute. At any rate, the better practice is, to wait until the amount to be paid is settled at law, and then file the bill as to the parties interested in that amount. Counsel also contended that *Baasen v. Baehr*, 7 Wis., 516, was a similar case, in which this court granted relief.

*Henry F. Prentiss*, for respondent, argued that all the material matters set up in the complaint were adjudicated in *Prentiss v. Danaher et al.*, 20 Wis., 311. *Atchinson v. Rosalip*, 4 Chand., 12; *Adams v. Filer*, 7 Wis., 306; *Malley v. Altman*, 14 id., 25; *Almy v. Platt*, 16 id., 169. 2. A bill of interpleader may be brought when suits are commenced or threatened, but not after judgment. 2 Story's Eq. Jur., §§ 805 et seq.; Story's Eq. Pl., §§ 291 et seq.; Adams' Eq., *202 et seq.; Chitty on Bills, 658; *Cornish v. Tanner*, 1 Younge & J., 333. 3. It is a well-settled principle of law (with only the dissenting case of *Hamilton v. Marks*, 19 Eng. L. & E., 321), that to entitle a party to bring his bill of interpleader, the amount of funds in his hands must be certain, fixed, and admitted by him; and he must claim no interest in it, and must bring it into court, or offer to do so; and before an injunction is granted, he must bring the fund into court. Story's Eq. Pl., § 297; *Richards v. Salter*, Johns. Ch., 445; 2 Story's Eq. Jur., § 807; Adams' Eq. *202 et seq.; *Chamberlain v. O'Connor*, 8 How. Pr. R., 45; *Beck v. Stephani*, 9 id., 193; *Patterson v. Perry*, 14 id., 505; *Diplock v. Hammond*, 27 Eng. L. & E., 202; *Moore v. Usher*, 7 Simons, 384 (10 Eng. Ch., 107); Voorhies' Code (5th ed.), 140, note (d); Willard's Eq. Jur., 319. The appellants still dispute the amount of funds in their hands due to *Power*; and they have never brought the fund into court. 4. The only remedy appellants had was that pointed out by this court in *Prentiss v. Danaher et al.* See *Wilson v. Duncan*, 8 Abb., 354.

DIXON, C. J.  Assuming, as the vice-chancellor did in *Hamilton v. Marks*, 19 Eng. Law and Eq. R., 321, that the only matter litigated, or which could be litigated, in the suit at law, was the quantum of demand, that case was no doubt correctly enough decided.  But it seems to me that the vice-chancellor erred in assuming this, and in excluding entirely from his consideration the question of estoppel by judgment presented by the case.  It appears from the report, that the plaintiff in the the bill of interpleader had applied to the court of law, by motion, to have the verdict set aside, and for a new trial, on account of the same adverse claims to the money recovered stated in the bill, and that the court of law had denied the motion on the ground that the assignee in bankruptcy, one of the principal adverse claimants, had no claim, and that payment to the plaintiff in the suit at law would be an effectual discharge of the debt.  These facts are wholly ignored in the decision of the case.  The vice-chancellor does not distinguish, nor attempt to distinguish, the case on the ground that it was not competent for the court of law to have granted the requisite relief in that form, or if it was, that there was some especial reason for taking the case out of the general rule of estoppel by judgment.  He simply ignored the question, though it was distinctly made by counsel.  If it was competent for the court of law to have relieved the plaintiff upon the motion, then clearly the decision of the court against the plaintiff was conclusive and binding upon the court of equity in which the bill of interpleader was filed.  This doctrine has been frequently under discussion in this court (9 Wis., 29; id., 16; 14 id., 180; 17 id., 419; 20 id., 320); and it is sufficient here to refer to those cases and the cases cited, and to *Simpson v. Hart*, 1 Johns. Ch., 91, and *Le Guen v. Gouverneur and Kemble*, 1 Johns. Cases, 436.  The rule to be derived from those cases is, that the decision of a court of competent

jurisdiction, being *res judicata,* is not only conclusive and binding on all other courts of concurrent jurisdiction, as to the subject matter thereby determined, but also as to every other matter which the parties *might* litigate in the case, and which they *might* have had decided.   In the language of Lord REDESDALE, quoted in *Simpson v. Hart,* " equity never interferes to grant a trial of a matter which has already been discussed in a court of law, a matter capable of being discussed there, and over which the court of law had full jurisdiction ;" to which Chancellor KENT adds, that " the settled doctrine of the English chancery is, not to relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant below was ignorant of the fact in question pending the suit, or it could not have been received as a defense."   If, in case of interpleader, the party has his remedy at law, " that would seem to put an end to the jurisdiction in equity, which comes to the aid of the party only when there is no remedy at law, or the remedy is inadequate."   Per Lord REDESDALE, 2 Story's  Eq  Jur., Redfield's Ed., p. 15, note 1.

This seems to be decisive of the case presented on this appeal; for the plaintiffs not only had their remedy in the suit at law, but they attempted to avail themselves of it, and failed.   In that suit (*Prentiss v. Danaher and Rooney,* 20 Wis., 311), though the fact does not distinctly appear from the report, the pendency of the first action in favor of *Rodway* was stated in the answer of the plaintiffs, the then garnishees, and they sought to take advantage of it by objecting to the trial of the cause after a jury for that purpose had been empanneled and sworn.   The objection was overruled, and this court sustained the decision on the ground that it was not taken in time, nor in the proper form.   We held that, instead of waiting until the trial, the garnishees should have moved at once, upon affidavits showing the facts, for a

stay of proceedings in that suit until the other was terminated, which, in a proper case, would have been granted. The moving upon affidavits was perhaps unnecessary, as the same facts appeared by the answer, which in that particular was not traversed or denied. This was giving the plaintiffs a plain and adequate remedy at law, and whether this court was right or wrong as to the practice in such cases, is now wholly immaterial. If it be conceded that we were wrong, the decision is equally conclusive, and cannot now be overhauled or corrected in this collateral proceeding. A court of equity has no power to correct the errors in judgment of a court of law; nor can it compel one party to relinquish a judgment at law, because his adversary did not comprehend his rights, or was mistaken in a matter of law.

The cases of *Yarborough v. Thompson*, 3 Smedes & Marshall, 291, and *Houston v. Wolcott & Co.*, 7 Clarke (Iowa), 173, were very like the present, and strongly illustrated this rule. In the former, two judgments having been rendered against a garnishee, one in favor of an attaching creditor, and the other in favor of an assignee of the note, the note being in fact the foundation of both judgments, and the garnishee having defended both cases, it was held that he could not, in a court of equity by a bill of interpleader, obtain a perpetual injunction against either. It was likewise held that after judgment at law, it was too late to file a bill of interpleader on the mere ground of adverse claims to the same debt or fund. This and *Union Bank v. Kerr and Glenn*, 2 Maryland Chancery Decisions, 460, are authorities in addition to *Cornish v. Tanner*, 2 Younge & Jervis, 333, that a bill of interpleader ought not to be delayed until after a judgment has been obtained. In *Houston v. Wolcott & Co.*, the plaintiff, as garnishee, had been served with process at the suit of two different attaching creditors, and having failed in the second suit to disclose the fact of service of

process upon him in the first, two judgments were obtained against him for the same debt; and it was held that equity could afford him no relief as against either.

The action of *Rodway* against these plaintiffs is yet undetermined. Assuming that it may be decided in his favor, and the plaintiffs thus compelled to account to him also for *Power's* interest in the contract, the case becomes an exceedingly hard one; and for this reason I regret very much that we did not look more closely to the question of practice and the consequences of our decision in the case of *Prentiss v. Danaher and Rooney.*

The rule established is no doubt correct enough, and when once understood will work no evil. But in consideration of the question being a new one, and of the mischiefs which may result to these plaintiffs, I think a slight departure from the practice indicated might well have been overlooked. The difference between moving before trial for a stay of proceedings, and applying at the trial for a like delay, is not so great as to require the sacrifice of substantial rights because the former course was not pursued. The court, by the imposition of terms, might have compensated the plaintiff for any loss or expense incurred in consequence of the delay.

There is, however, another ground of complaint alleged by the plaintiffs, though denied by the defendant, upon which, if the same be true, the plaintiffs may yet succeed in the action. That allegation is, that the debt due from *Power* to *Prentiss* was secured by collaterals, out of which *Prentiss* had realized the full sum due him, before the garnishee suit was instituted, and that that suit, as well as the suit of *Rodway*, was instituted by collusion with *Power*, who had become discontented with his share of the profits under the contract. If the debt to *Prentiss* was fully paid, then it is clear that the judgment in his favor is against conscience

and fraudulent, and that equity will relieve. But as this allegation is positively denied by the answer, it follows that the order appealed from, being an order dissolving a temporary injunction upon complaint and answer, must be affirmed.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.