CHARLES W. MAXWELL et al.

*v.*

CHARLES LEICHTMAN et al.

[Submitted February 11th, 1907. Decided February 21st, 1907.]

The right to file a bill of interpleader is not lost by filing pleas in bar in actions brought at law, unless the defence at law is persisted in until verdict.

On bill of interpleader. Hearing on return of order to show cause for injunction pursuant to prayer of bill of interpleader.

*Mr. Harry Wootton,* for the complainants.

*Messrs. Thompson & Cole,* for the defendant Leichtman.

LEAMING, V. C.

I am convinced that complainants are entitled to a preliminary injunction as prayed.

It is not clear that complainants may not have imperiled their right to full relief by filing pleas in the actions at law before applying to this court for relief, but I am unable to find authority or satisfactory reason for the claim that by so doing they have destroyed their right to maintain the present bill. The rule that to entitle a party to relief by bill of interpleader he must apply before verdict or judgment at law appears to be well recognized and almost uniformly enforced. See *Cornish* v. *Tanner,* 1 *Younge & J. 333; Holmes* v. *Clark, 46 Vt. 22; Danaher* v. *Prentiss, 22 Wis. 311; Haseltine* v. *Brickey, 16 Gratt. 116; Yarborough* v. *Thompson, 3 Sm. & M. 291.* But where the effect of the verdict is merely to settle the *quantum* of damages the rule referred to is not uniformly applied. See *Hamilton* v. *Marks, 5 De G. & S. 638,* criticised in *Danaher* v. *Prentiss, supra.* I find no authority, however, which gives sanction to the view that the right to file a bill of interpleader is lost by the act of filing pleas in bar in the actions brought against one at law, unless the defence at law is persisted in until verdict. In *Jacobson* v. *Blackhurst, 2 Johns. & H. 486,* complainant's bill was entertained, under the circumstances named, but terms were imposed including the withdrawal of the plea at law and the payment of costs at law and also in equity up to the time of the withdrawal of the plea. See, also, *Jew* v. *Wood, 3 Beav. 579.* To at this time determine the right to costs, however, would be beyond the scope of the issues now presented.

The delivery to complainants of the indemnity bond cannot be held to bar complainants' right to relief under their bill of

interpleader. *2 Dan. Ch. Pl. & Pr. 1566.* The affidavits filed do not justify the conclusion that the delivery of the indemnity bond referred to operated to establish a contractual relation between the parties.

The claims of the respective defendants are not independent claims without privity or derivation from a common source. Even in the more strict cases of bailees, agents and tenants the contractual relation with the bailor, principal or landlord will not operate as a bar to a bill of interpleader when the opposing claim is derivative under that of the bailor, principal or landlord. *4 Pom. Eq. Jur.* § *1327.* In the present case the claim of defendant Clayton is based upon the original right of defendant Leichtman, and emanates from failure of the latter to sue within six months.

The order to show cause will be made absolute.