1815.

WOODWORTH
v.
VAN BUS-
KERK.

WOODWORTH *against* VAN BUSKERK AND SLOCUM.

*April* 29th.   This court will not grant an injunction to stay an action at law, on an *award;* on the ground that the plaintiff was surprised by the principal witness, for the defendants, swearing falsely before the arbitrators, and that he could have proved the falsehood of the testimony, if the arbitrators would have adjourned the hearing for that purpose, which they refused to do, though requested by the plaintiff, who offered to enlarge the time of making the award.

The rule is the same in equity as at law, where a new trial will not be granted, merely to give a party, who has gone voluntarily to trial, an opportunity to impeach the testimony of witnesses, of the object of whose evidence he was apprized beforehand.

THIS was a bill for an injunction.   It set forth an agreement with the defendants, relative to a quantity of timber to be drawn from the lands of the defendants, and rafted to *New-York.*   The plaintiff settled with the defendants for 666 pieces of timber, but the defendants, alleging that the raft contained 1,000 pieces, brought an action against the plaintiff in the supreme court, for the difference; and the parties submitted the matter to the award of three arbitrators.   At the hearing before the arbitrators, *W. Overacker* was the principal witness for the defendants; the bill alleged that the witness, before his examination, had repeatedly assured the plaintiff that the raft contained 666 pieces only; but that he falsely deposed before the arbitrators that it contained 1,000 pieces; and the plaintiff being surprised by his evidence, requested of the arbitrators to have another hearing, at a future day, when he would prove, by three witnesses who went with the raft, the falsehood of *Overacker's* testimony, and offered to enlarge the time for making the award; but the arbitrators refused to adjourn for a further hearing, and made an award in favour of the defendants, on the evidence of *Overacker*, for 250 dollars, on which a suit had been brought in the supreme court, against the plaintiff.

*Van Vechten*, for the plaintiff.

THE CHANCELLOR. The plaintiff went to a hearing without objection, and was willing to rely upon the testimony of *Overacker*, the principal witness for the defendants. It is a rule at law, on the subject of new trials, that a party going voluntarily to trial, goes at his peril, and he cannot have a new trial merely to give him an opportunity of impeaching the testimony of a witness of whom he was apprized beforehand, and of the very purpose for which he was to be called. He must, at least, show that he had since discovered testimony of which he had no knowledge before the trial. (2 *Johns. Cases*, 319. 5 *Johns. Rep.* 249. 9 *Johns. Rep.* 78. 1 *Wils.* 98. 2 *Salk.* 653. 2 *Binney*, 582. n.) There is no reason why an award should be set aside on the grounds stated, when a verdict cannot ; and that this court would not relieve, in such case, against a verdict, was fully considered in *Smith & Mead v. Lowry.* The reason of the rule applies equally in each *Ante*,p.320. case, and the same mischiefs would follow from relaxing it. The power of awarding new trials at law, is exercised upon liberal and equitable grounds, and this consideration renders the rule, drawn from the practice of the courts of law, the more applicable. There is no chancery case, within my knowledge, that approaches to this. Besides, the arbitration bonds would, probably, have run out before the witnesses from *Cayuga* could have been procured ; and the defendants were not bound to enlarge the time, and the arbitrators had not the power.

Injunction denied.