## Henry Miller and another v. Joshua Morse and others.

*Res judicata.* Generally courts of equity will not assume jurisdiction to retry cases which have already been disposed of in the courts of law, upon the very point made by the bill.

*Jurisdiction of courts of equity to grant new trials.* The jurisdiction to grant new trials in actions at law is exercised by courts of equity only when the judgment recovered is against conscience, and when the applicant had no opportunity to make defense, or was prevented from so doing by accident, or by the fraud or improper conduct of the opposite party, and without fault on his own part. Equity will never interfere where a party, under no disability, has neglected to make his defense at law.

*Submitted on briefs July 13. Decided October 3.*

Appeal in chancery from Kent Circuit.

This bill was filed by Henry Miller and Sarah N. Parks, against Joshua Morse, Thaddeus C. Brooks and Jesse F. Wyckoff. The defendants demurred to the bill, and the

demurrer was sustained, and a decree dismissing the bill granted, from which the complainants appealed to this court. The nature of the case is sufficiently set forth in the opinion.

*Rogers, Clay & Sliter,* for complainants.

*J. W. Ransom,* for defendants.

COOLEY, J.

This bill, if we rightly apprehend its purport, is a bill to obtain a new trial in a suit at law.

The complainants set out a contract between themselves and the defendants, Morse & Brooks, for the delivery by the latter to the former of a quantity of stone; aver a delay on the part of Morse & Brooks to perform on their part, and that on April 10, 1868, they requested complainants to consent to an abandonment of the contract, which consent was given, and the same was canceled and abandoned and all parties released from the obligations thereof absolutely and forever, though the paper writings were not destroyed; that notwithstanding such cancelment, Morse & Brooks, combining and confederating with one Sholes, in June, 1868, brought action on said contract against complainants, in the circuit court for the county of Kent, for pretended damages arising from a pretended breach thereof by complainants; that such action was brought to trial at the June term of said court, 1869, and on the trial said Brooks, Morse and Sholes, in pursuance and execution of their conspiracy, did falsely, fraudulently and wickedly swear, and give the court to understand, that said contract had never been abandoned by consent of parties, but was, on the contrary, in full force and virtue; and in consequence of their conspiracy and by means of their false evidence, the plaintiffs in that suit recovered a judgment against the

defendants therein for seven hundred and fifty-seven dollars and sixty-nine cents and costs to be taxed, upon which judgment execution has been issued and delivered to the defendant Wyckoff, who is sheriff of Kent county, and who has made levy by virtue of the same; that a new trial has been moved for in the said circuit court, and has been denied for causes beyond the control of complainants, so that now they can only have relief in equity. And they pray injunction to restrain action on the execution until the further order of the court; that the judgment may be set aside, vacated and held for naught, and for other and further relief. The defendants interposed a general demurrer, which was sustained by the court of chancery, and the bill dismissed. The complainants appeal.

We cannot doubt the entire correctness of the action of the court in dismissing this bill. Indeed it would be difficult for a party who thought himself wronged by a judgment, to state a case which would present fewer claims upon the consideration of the court than that made by these complainants. Although the nature of the suit at law was such as fully to apprise them that the plaintiffs expected to rely upon the continuance and validity of the contract, and though the cancelment, if one had been agreed upon, must have been within the personal knowledge of one or both of them, they do not show that they appeared at the trial to give evidence; they set out no facts which apprise us that reasons exist for supposing that on a second trial, if one should be awarded, they would be any better prepared to meet the false testimony on which the judgment against them was obtained, and they give us no information from which we can infer that the court of chancery could be more fully possessed of their equities, or any better prepared to decide upon them, than the court of law was, or might have been, on the motion for a new

trial. The case we suppose is the ordinary one where the opposing parties in the litigation have asserted and perhaps sworn to conflicting states of facts, and the defeated party, having made such showing as he was able on a motion for a new trial and been defeated again, appeals now to another court for relief, but fails to show that new facts have appeared or discoveries been made since his motion for a new trial was presented, or that any reason exists for supposing that a different decision should be reached upon the bill than upon the motion. And we do not see why, if this bill should be sustained, the defeated party might not maintain a similar one in nearly every case which the courts of law dispose of.

Generally, courts of equity do not permit cases to be retried therein which have already been disposed of in the courts of law upon the very point made by the bill. To do so would be to assume an appellate jurisdiction which, by the law, is not conferred upon them.—*Simpson v. Hart, 1 Johns. Ch., 95.* The jurisdiction to grant new trials is exercised only when the judgment recovered is against conscience, and when the applicant had no opportunity to make defense, or was prevented by accident from so doing, or by the fraud or improper conduct of the opposite party, and without fault on his own part.—*Carrington v. Holabird, 17 Conn., 537; Bateman v. Willoe, 1 Sch. & Lef., 201; Veech v. Pennebecker, 2 Bibb, 326; Pearce v. Chastain, 3 Kelly, 226.* Equity will never interfere where a party under no disability neglected to make his defense at law. — *Wright v. King, Harr. Ch., 12; Wixom v. Davis, Wal. Ch., 15; Wilson v. Chesire, 1 McCord, Ch., 241; Hampton v. Dudley, 1 J. J. Marsh., 274.* If complainants presented their equities fully on the motion for a new trial, there is no legal justification for presenting the same matters again in this form; if they did not make a full show-

ing then, they give no excuse now for the failure to do so·; and in either case this suit is not maintainable. And upon this ground, without considering any of the further difficulties in the case, we must affirm the decree of the court below with costs.

GRAVES, J., and CAMPBELL, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.