EDGAR L. GRAY v. WILLIAM BARTON AND ALBERT G. DAY.

[See 48 Mich. 164; 57 Id. 622.]

*New trial—Denial of motion for, based on alleged drunkenness and bias of certain jurors—Affidavits being filed in support of and against the truth of such allegations—Becomes res judicata—Granting or refusal of, discretionary—If discretion abused, remedy is by mandamus—After-acquirement by defeated party of further testimony sustaining grounds of such motion—Will not afford ground for relief in equity—If question gone into at all before trial court, issue will not be reopened—Bill in equity for—On ground of alleged perjury of prevailing party—Which complainant believes he can establish on a retrial—Coupled with affidavits setting forth such newly-discovered evidence—Which was unknown to complainant, as he swears, at time of trial—But he fails to show due diligence on his part to acquire such knowledge—Does not establish such a fraud as warrants the relief asked for, the judgment having been affirmed in appellate Court—Ignorance by defeated party of his defense pending the suit—Or his prevention, without his neglect, from availing himself thereof, by fraud or accident or act of opposite party—Essential to entitle him to equitable relief—Weight of authority against granting to impeach testimony of witnesses—Or because prevailing party committed perjury on the trial, or suborned another to commit that crime—On a review of the history of this case, complainant held not to have shown such diligence as entitled him to new trial below.*

1. Where a defendant in a suit at law made a motion for a new trial, based on the alleged misconduct, drunkenness, and bias of certain jurors, filing affidavits tending to show such alleged facts, which were met by counter-affidavits, and after a full argument the motion was denied by the trial judge, and no application made to the Supreme Court for relief by *mandamus,*—

   *Held,* that equity would not grant relief.

   *Held,* further, that the matter had been litigated upon the merits before the proper tribunal, in a court of law, and that the decision of the trial judge must be considered *res judicata* as far as that question is concerned.

2. The granting or refusal of a new trial in a suit at law is a matter resting in the discretion of the trial judge. If such discretion is *abused,* the moving party has a remedy by *mandamus* to review the action complained of, and by failing to avail himself of the same the decision below becomes final.

3. Where a defendant moved for a new trial in a suit at law for the misconduct and bias of certain jurors, filing affidavits tending to estab-

lish such alleged facts, which were traversed by counter affidavits and the motion denied,—

*Held,* that the fact that he was not able at the time to procure *all* of the evidence of such misconduct and bias that he afterwards acquired will not avail him or warrant relief in equity. If the question was gone into at all, he is precluded from reopening the issue.

4. The mere allegation that a plaintiff committed perjury upon the trial of a suit at law, and the belief of the defendant, who files a bill in equity to secure a new trial, that he can establish such false swearing on a retrial, coupled with the affidavits of two witnesses who were not sworn on such trial, and whose knowledge on the subject in controversy was unknown to complainant, as he swears, but he fails to show the exercise of due diligence in ascertaining such knowledge, do not establish such a fraud as will authorize a court of equity to interfere, after the judgment against complainant which he seeks to set aside has been approved by the appellate Court.

5. Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as such defense, or unless, without any neglect on his part, he was prevented by fraud or accident, or the act of the opposite party, from availing himself of such defense.

6. The *weight* of authority is decidedly against granting a new trial in a court of equity to impeach the testimony of witnesses, or because a party has committed perjury, or even suborned a witness to commit that crime.

7. On a review of the history of the litigation involved in this suit,—

*Held,* that the complainant has failed to show sufficient diligence in securing the testimony of the witnesses, by whom he expects to show the commission of perjury by the plaintiff on the trial of the suit at law, as would entitle him to a new trial in that court, and that the continuation of the litigation by filing this bill seems to be vexatious.

Appeal from Newaygo. (Fuller, J.) Argued June 11, 1886. Decided July 1, 1886.

Bill filed to enjoin collection of judgment, and for new trial. Bill dismissed and complainant appeals. Decree affirmed. The facts are stated in the opinion and head-notes.

*D. E. Corbitt,* for complainant:

A bill in equity for a new trial in an action at law, and for

an injunction against proceedings to enforce the judgment, is within the jurisdiction of the equity court, and the relief will be granted when the judgment is against conscience and the applicant had no opportunity to make a defense, or was prevented from so doing by accident or fraud or improper management of the opposite party, and without fault on his own part: *Carrington v. Holabird*, 17 Conn. 530; *Marine Ins. Co. v. Hodgson*, 7 Cranch, 332; *Truly v. Wanzer*, 5 How. 141; *Emerson v. Udall*, 13 Vt. 477; *Taylor v. Fore*, 42 Tex. 256; *Wingate v. Haywood*, 40 N. H. 447.

Such bills have been sustained where it has been shown that the jury has been improperly tampered with: *Lawless v. Reese*, 3 Bibb, 486; *Cummins v. Kennedy*, 4 J. J. Marsh. 645; *Ballance v. Loomis*, 22 Ill. 82. See, also, *Dilly v. Heckrotte*, 8 Gill & Johnson, 170.

When a judgment at law is obtained against one who notwithstanding has an equitable defense, and he sues out a writ of error to review the judgment, he is not thereby precluded after its affirmance from seeking relief in equity: *McClure v. Colclough*, 5 Ala. 65; *Mack v. Doty*, Har. Ch. 366; *Burpee v. Smith*, Walk. Ch. 327; *Foster v. Wood*, 6 Johns. Ch. 87; *Duncan v. Lyon*, 3 Id. 351.

*Albert G. Day*, for defendants:

There is no equity in the bill. "It is the duty of a party to present his equity to the court on a motion for a new trial. If he does that he has no right to go into the equity court, and if he does not he is equally barred of equitable relief:" *Miller v. Morse*, 23 Mich. 368; *Kelleher v. Boden*, 55 Id. 295; *Crim v. Handley*, 94 U. S. 652; *Hendrickson v. Hinckley*, 17 How. 443; *Matson v. Field*, 10 Mo. 100; *Herring v. Winans*, 1 Smedes & Marshall, Ch. 466; *Bishop v. Duncan*, 3 Dana, 15; *Collins v. Butler*, 14 Cal. 223; *Danaher v. Prentiss*, 22 Wis. 311.

The rule that matters which have received a judicial determination shall not be again controverted, applies as between courts of law and equity: 2 Leading Cases in Eq. part 2, p. 1328; *Holmes v. Stateler*, 57 Ill. 209; *McClure v. Miller*, 1 Bailey's Eq. 107; *Smith v. M'Iver*, 9 Wheaton, 532.

The judgment sought to be enjoined was one at law, and when the jurisdiction of a court at law once attached it covered the whole ground so far as it is a subject of legal cognizance, and the judgment cannot be re-examined collaterally on any point which that tribunal was competent to hear and decide. Hence even a failure of justice through the error

of the judge, the incompetency or misconduct of the jury, or the omission of the party or his counsel to present his case in a proper manner, does not warrant the intervention of a court of equity: *Holmes v. Stateler*, 57 Ill. 209; *McClure v. Miller*, 1 Bailey's Eq. 107; *Powell v. Stewart*, 17 Ala. 719; *Duckworth v. Duckworth*, 35 Id. 70; *Barker v. Elkins*, 1 Johns. Ch. 466; *Ins. Co. v. Hodgson*, 7 Cranch, 332; *Windwart v. Allen*, 13 Md. 196; *Katz v. Moore*, Id. 566; *Emerson v. Udall*, 13 Vt. 477; *Day v. Cummings*, 19 Id. 496; *Warner v. Conant*, 24 Id. 351; *Burton v. Wiley*, 26 Id. 430; *M'Vickar v. Wolcott*, 4 Johns. 510; *Hempstead v. Watkins*, 1 Eng. 317; *Peace v. Nailing*, 1 Dev. Eq. 289; *Champion v. Miller*, 2 Jones, Eq. 194; *Jamison v. May*, 13 Ark. 600.

The appropriate remedy is through a motion for a new trial in the court which tried the case. If this be omitted, the question cannot be raised in another form consistently with the doctrine that there must be an end of litigation: 2 Leading Cases in Eq. part 2, p. 1335; *Miller v. Morse*, 23 Mich. 365–8; *Danaher v. Prentiss*, 22 Wis. 311; *Simpson v. Hart*, 1 Johns. Ch. 91. See, also, *Grand Chute v. Winegar*, 15 Wall. 373; *Galbraith v. Martin*, 5 Humph. 50; *Haden v. Garden*, 7 Leigh, 157; *Smith v. M'Iver*, 9 Wheaton, 532.

A motion for a new trial was made and argued at the June term, 1885, and denied, and that judgment was *res judicata:* *Smith v. Lowry*, 1 Johns. Ch. 320; *Duncan v. Lyon*, 3 Id. 351; *Anderson v. Roberts*, 18 Johns. 515–33; *Orcutt v. Orms*, 3 Paige, 459; *Hill v. McNeill*, 8 Porter (Ala.), 432; *French v. Garner*, 7 Id. 549; *Bishop v. Duncan*, 3 Dana, 15.

The matters set up in the affidavits attached to complainant's bill, claimed to affect the credibility of the witnesses sworn on the trial, were *best* determined by the *trial* court, and should not be brought into the equity court for adjudication: *Vaughn v. Johnson*, 1 Stockton, Ch. 178; *Smith v. Lowry*, 1 Johns. Ch. 320; *Woodworth v. Van Buskerk*, Id. 432.

MORSE, J. On the twenty-sixth day of December, 1885, the complainant filed his bill in the circuit court for the county of Newaygo, in chancery, wherein he alleged substantially as follows:

That the defendant William Barton, on the twenty-eighth day of March, 1875, commenced an action in assumpsit

against complainant, in the Newaygo circuit court, which cause was protracted and carried on until March 24, 1884, when a jury rendered a verdict against complainant for $1,735. Judgment was entered upon the verdict, which remains in full force and effect.

The suit was brought upon a contract, dated August 31, 1872, whereby complainant agreed to pay said Barton a certain price per thousand feet for putting saw-logs into Pere Marquette river and Beaver creek; that the said Barton alleged in his declaration that complainant prevented him from carrying out the contract, by which he was greatly damaged; but complainant avers the truth to be that after the making of said contract the parties entered into a new contract, which said Barton accepted in lieu of the old one, and proceeded to carry out; which claim said complainant avers he proved upon said trial by a great preponderance of evidence, as complainant truly believes.

That on said trial he so proved, by disinterested witnesses, the following distinct defenses, any one of which, he avers, constituted a perfect defense to the case made by Barton:

1. That it was worth $2.50 per thousand feet, board measure, to cut and put afloat the timber described in the contract at the time and in the manner therein required.

2. Barton did not perform his job in a good and workman-like manner.

3. Complainant's damages for such non-performance amounted to from three to five thousand dollars.

4. That Barton, by contract made in the fall of 1876, took another contract of your orator in lieu and satisfaction of the one declared upon in said suit.

Complainant further shows that for that part of the contract sued upon by Barton that was carried out by him, complainant has paid him $700 or $800 more than his work came to, which was not allowed complainant upon the trial because he was advised that it was not a proper subject of set-off, and therefore he gave no evidence of it. He is now advised that it was a payment of any damages that Barton might claim in said action, but the same is now outlawed, and cannot be recovered unless complainant be allowed a

new trial in said suit; and that said Barton is wholly irresponsible pecuniarily.

Complainant further avers that at the trial he, and also disinterested persons who heard the evidence, believed that he had entirely disproved said Barton's claim, and was greatly surprised when the jury brought in a verdict against him. He could not understand how an honest jury could come to such a conclusion; but soon after the trial he was informed that the jurors were prejudiced, and that some of them said, during the trial, that they did not like him, and were going to find against him.

Therefore, in May, 1884, he moved for a new trial, before Hon. R. M. Montgomery, for the reasons following:

1. The verdict was contrary to the evidence and weight of evidence, and there was no evidence to justify the verdict.

2. The intoxication of two jurymen (naming them), who during the trial conversed about the case, showing bias and prejudice against complainant by their talk, and that other jurymen permitted outsiders to make statements to them about the case without reporting the same to the court.

Upon the hearing of the motion he produced affidavits substantiating his second ground for new trial, but the court denied the same, upon the ground that the charges against the jurymen were not proven.

Complainant alleges that he exercised more than due diligence and inquiry in obtaining witnesses who were conversant with the conduct of the jurors, and produced all the proof upon the hearing of said motion that was attainable.

Complainant caused a case to be settled and signed for review in the Supreme Court, and presented the same to said Court. No error being found, the judgment was affirmed.

After the case was decided in the Supreme Court persons began to tell complainant what they knew, and he now charges, upon information and belief, that one of the jurors (naming him) was frequently intoxicated during said trial, and talked about the merits of the case, spent much of his time out of court in saloons, and told one Rode that the

complainant (defendant in said suit) would have to produce much stronger evidence than he had, or he would be beaten; which facts were not known to complainant until the trial was over. The juror referred to in the above paragraph, was one of the two upon whose intoxication and prejudice the motion for new trial was based, and made affidavit at the hearing of said motion denying such intoxication and bias.

That during said trial this juror, and several other persons upon said jury, were in saloons in the village of Newaygo, where the trial was held, and were talked to by persons, who stated that complainant was well off and able to stand it, while Barton was a poor man and ought to recover.

Another juror (naming him) was a frequent attendant of saloons, and frequently seen under the influence of liquor, and heard conversing about the merits of the case during the trial; was heard to say that the jury were going to beat complainant.

He then sets forth portions of the material testimony of the said William Barton and his son, James Barton, upon the trial, and asserts that, with all due diligence and inquiry, he was unable to find and produce the testimony of the scaler, one Owen, who could contradict and dispute said testimony. He alleges and charges, upon information and belief, that the said testimony of the Bartons was false in every particular, and that by means of the said false and fraudulent evidence the said verdict was obtained against him.

Complainant further shows that on the twenty-ninth day of October, 1885, one George H. Peters first communicated to him the facts set forth in the affidavits of said George H. Peters and Caroline B. Peters, which are attached to and made a part of his bill of complaint. Said affidavits contradict the statements of the Bartons above referred to, and also tend to show that the Bartons deceived the scaler, one Hoskins, by representing to him that the logs scaled by him were cut on section 13, when in fact they were cut on section 14, of the same town and range, the price under the

contract being $2.50 per M. on that section, and $4 per M. on section 13.

Complainant avers that the Hoskins scale amountèd to 10,000, and the fraud thus perpetrated by the Bartons, which he believes to be true, was the sum of $465. The affidavits also show that Barton did not put in the timber as requested by the scaler, not cutting it clean, and that he or his foreman fraudulently concealed and left in the woods logs cut in bad places, so that there was a large waste and destruction of timber belonging to complainant. That said Barton and his son, as the complainant is informed and believes, left a large amount of logs and timber of great value, and that their testimony on the trial to the contrary was false and fraudulent, and was untruthfully given upon said trial that an unjust verdict might be rendered against complainant.

That it is now too late to apply for a new trial, and the complainant has no remedy in law, and can only get relief in equity.

He alleges that he submitted an offer to the attorney of the said defendant Barton that he would pay all costs taxed against him in the cause, and all that it would cost said defendant to retry the case before an honest and impartial jury; that he would pay into court the amount of the judgment against him, with accrued interest, and file sufficient security to pay any further judgment that might be rendered against him upon such retrial; which offer was declined by said defendant.

He shows that execution is out, and his property levied upon; and prays that said defendant Barton, and his attorney, the defendant Day, may be enjoined from collecting said judgment; and that the same may be canceled, set aside, and held for naught; and also for general relief.

To this bill are attached affidavits tending to support the charges made in the bill upon information and belief, of intoxication and prejudice upon the part of the jurors named and others of the panel.

The defendants demurred for the following reasons:

1. It appears by the bill itself that the judgment was obtained upon a cause of action only cognizable at law; that said. judgment was only obtained after a long contest, and has been affirmed by the Supreme Court of the State of Michigan.

2. It also appears by the said bill of complaint that the cause was tried before the Hon. R. M. Montgomery, circuit judge, and that a motion for a new trial, based on the misconduct of the jury, and other grounds, was made before the said circuit judge, and denied by him.

3. That the said decision upon the motion for a new trial is *res judicata*, and a court of equity has no power to disturb it or the judgment.

4. That as to the averments and affidavits concerning the alleged newly-discovered evidence of George H. Peters and his wife, Caroline B. Peters, and the other affidavits and grounds set forth in said bill of complaint, no reason is shown why the said complainant does not move for a new trial upon the same.

5. That each and every alleged reason set forth in the bill of complaint why said judgment should be canceled and set aside has been already passed upon by the circuit court for the county of Newaygo, and adjudged against the complainant, and the decision of said court is final, and should be respected.

6. Because a court of equity has no power to grant a new trial at law or to set aside said judgment for the reasons alleged in said bill of complaint.

7. Because all the matters set forth in the bill of complaint should be litigated at law, and not in equity, and there is no equity in the bill.

The court below held the demurrer good, and dismissed complainant's bill. Complainant appeals.

His counsel insists that the bill is maintainable, and that where a judgment is obtained by fraud, in a suit at law, a court of equity will enjoin its collection and grant a new trial; especially when the injured party enters its door with clean hands and offers to do equity; and that the complainant has brought himself within the rule by amply showing the fraud, and offering to pay the costs and expenses to date and of a retrial, and to secure the performance by him of the judgment of the court upon such new trial.

It seems to us that the complainant cannot ask, in a court

of equity, for a new trial upon the ground of the misconduct of the jury. That matter he has litigated once upon the merits before the proper tribunal, in a court of law, and the decision there made by Judge Montgomery must be considered *res judicata* as far as that question is concerned. It was a matter resting in the discretion of the judge who tried the case. If he abused that discretion, this Court was open to the complainant upon proceedings by *mandamus* to review his action. The complainant did not apply here, and the decision is therefore final. It does not avail him that he was not able to procure at that time all the evidence of the intoxication and unfairness of the jurors that he now possesses. If the question was gone into at all, he is precluded from opening the issue again, and his bill shows that affidavits were submitted tending to show, and also tending to disprove, the bias and drunkenness alleged. *Miller v. Morse,* 23 Mich. 368; *Danaher v. Prentiss,* 22 Wis. 311; *Collins v. Butler,* 14 Cal. 223; *Crim v. Handley,* 94 U. S. 652; *Simpson v. Hart,* 1 Johns. Ch. 91; *Kurtz v. Carr,* 105 Ind. 574.

It will be noticed that the only allegation of fraud upon which the complainant can rely is the false swearing of the defendant and his son, James Barton. In other words, he now alleges upon information and belief that he is now possessed of testimony to prove a different state of facts than those to which they testified on the trial.

The suit was commenced in 1875, over 11 years ago, and although the complainant alleges generally that he used more that due diligence and inquiry, he does not set out any specific acts of such diligence or inquiry. No reason is given why he was not able to procure the testimony of George H. and Caroline B. Peters, who were both in the employ of Barton during his work upon the contract, and whose testimony alone is presented to the court by complainant to show the alleged perjury of the Bartons, except the general excuse that persons did not tell him what they knew about the case until after the decision affirming the judgment against him in the Supreme Court. He does not

appear to have looked for or interviewed said Peters, but was searching for one Owen, a scaler upon the job, to obtain his testimony, which he was unable to procure.

Complainant has hardly shown sufficient diligence in this respect to entitle him to a new trial in a court of law upon the ground of newly-discovered evidence.

But it does not seem to me that the mere allegation that the defendant committed perjury upon the trial, and the belief of the complainant that he can establish such perjury upon a retrial, is such a fraud as will authorize a court of equity to interfere, after the judgment against him in a court of law has been affirmed by the highest tribunal. The establishment of such a right in the defeated party would open the way for another contest in equity in almost, if not every, suit decided at law. There is scarcely a controversy in the courts in which there is not a conflict of testimony, and there are quite often charges of false swearing, and seldom is a case tried and decided in which new evidence cannot be obtained after people suppose it to be ended.

Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident, or the act of the opposite party, from availing himself of his defense.

As before shown, the matter for which he asked a new trial before Judge Montgomery cannot be considered here.

The only act of the defendant, outside of the false swearing, that he can or does rely upon in his bill of complaint as tending to prevent the consummation of his defense in the trial at law, is the alleged deception of the scaler Hoskins as to where a portion of the logs were cut. He fails, however, to allege in what manner this deception injured his case. He does not aver that the scaler testified that these logs were cut on section 13 because of the false statements of the Bartons, nor that the scale was used as evidence of the cutting of this timber on this section.

He is left, therefore, to depend for relief here entirely upon the allegation that he can show the perjury of the defendant. The fraud against which courts of equity generally relieve is the misleading of the defeated party by some artifice or deception of his opponent. Such was the case, cited in complainant's brief, in *Burpee v. Smith*, Walk. Ch. 327.

The weight of authority is decidedly against the granting of a new trial in a court of equity to impeach the testimony of witnesses, or because a party has committed perjury, or even suborned a witness to commit perjury: Will. Eq. Jur. 358 ; *Woodworth v. Van Buskerk*, 1 Johns. Ch. 432 ; *Smith v. Lowry*, Id. 320.

It might be that a judgment at law might be so manifestly against conscience that a new trial would be granted in equity; as in a case where perjury was established by some instrument or document in writing, or where a witness for the prevailing party has been, subsequent to the trial, convicted of false swearing in the case (*Tovey v. Young*, Prec. Ch. 193); but this is not applicable here.

In *Miller v. Morse*, 23 Mich. 368, where a new trial was asked in a court of equity to relieve against a judgment at law alleged to have been obtained by the fraudulent conspiracy and false swearing of the plaintiff, this Court held that the complainants were not entitled to relief, and Cooley, J., says :

"And we do not see why, if this bill should be sustained, the defeated party might not maintain a similar one in nearly every case which the courts at law dispose of."

In that case, it is true, no new facts were presented to the court discovered after the motion for new trial had been made in a court at law ; but the general doctrine is there maintained that courts of equity do not permit cases to be retried therein except where the judgment recovered is against conscience, and where the defeated party has been prevented from making his defense by the fraud or improper conduct of the opposite party, and without fault on his own part.

There seems to us to be no adequate excuse for the delay in ascertaining the existence of the testimony set forth in the affidavits of George H. and Caroline B. Peters; and the fact that they will dispute the evidence of the Bartons is not sufficient, in our opinion, to authorize a court of chancery to set aside the judgment and grant a new trial.

It appears to us that there was ample time before the trial of the cause of *Barton v. Gray*, in 1884, to fully get at and litigate the merits of this controversy. From the records of this Court we find that the case was tried in the Newaygo circuit in October, 1881, and a verdict directed for the defendant, Gray, April 19, 1882. The action of the circuit court was reversed by this Court (48 Mich. 164).

After the affirmance of the judgment of 1884 in this Court in June, 1885 (57 Mich. 622), a motion for a new trial was made before Judge Fuller, and heard on affidavits, *pro* and *con*, and denied by him.

In the October term of this Court following, this motion and the papers filed therein were brought to this Court on an application for *mandamus* to compel Judge Fuller to grant such motion. The writ was denied by us. Immediately thereafter this bill was filed. The continuance of litigation in the filing of this bill, under the circumstances, seems to us to be vexatious.

The decree of the court below is affirmed, with costs of both courts.

The other Justices concurred.