LOUISE YOUNG, Appellant, *v.* ADELE W. LEACH, Respondent.

*An action to recover damages for perjury, or subornation of perjury, cannot be main-tained — a discontinuance of an action after perjured testimony has been given — presumption that the testimony would have been disregarded.*

An action cannot be maintained to recover damages alleged to have resulted from perjury or subornation of perjury — certainly, the action cannot be maintained where it appears that, during the progress of the trial of the action in which the perjury and subornation of perjury is alleged to have been committed, the plaintiff therein (also the plaintiff in the present action), after the alleged per-jured testimony had been given, voluntarily discontinued it, as *non constat,* but

that, had the trial proceeded, the court would have disregarded the perjured testimony and rendered a judgment in accordance with the truth; the more so where it appears that the discontinuance, taken in connection with a supplemental agreement executed at about the same time, was intended to be a full settlement of the subject-matter of the litigation.

Appeal by the plaintiff, Louise Young, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of July, 1897, upon the report of a referee dismissing the complaint upon the merits.

*George Putnam Smith*, for the appellant.

*William J. Lippmann*, for the respondent.

McLaughlin, J.:

This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the perjury, and subornation of perjury, committed by the defendant. The right to recover was based upon a complaint which charged, in substance, that in November, 1894, the plaintiff recovered a judgment in the State of Ohio for the sum of $40,000 against her husband, Henry C. Young, who then was the owner of 141 shares of the capital stock of a Connecticut corporation, the value of which was more than sufficient to satisfy her claim, and that the defendant, with intent to cheat, defraud and prevent plaintiff from collecting the amount of this judgment out of the property of the judgment debtor, induced him to, and that he did, without any legal consideration therefor, transfer such stock to her; and that thereafter plaintiff brought suit in the State of Connecticut against the defendant Henry C. Young and others to set aside this transfer upon the ground that the same was fraudulent and void as to her, which suit, with like intent and for a similar purpose, the defendant defended, and upon the trial falsely testified, and also induced the said Henry C. Young to falsely testify, that she, prior to the rendition of the judgment referred to, purchased the stock in good faith for a valuable consideration, and then was the sole owner of the same; that by reason of the perjury, and subornation of perjury, thus committed by the defendant, plaintiff was compelled to, and did, discontinue her suit and consent that the injunction

granted therein be vacated, and that she was thereby deprived of the right to subject such stock to the lien of an execution issued on her judgment.

The defendant by her answer denied substantially all of the material allegations of the complaint, except the transfer of the stock, the commencement of the suit in Connecticut, the defense made, the testimony given by her as a witness and the discontinuance of the suit by plaintiff.

The issues raised by the pleadings were sent to a referee to hear and determine. Upon the trial before him it appeared that in March, 1893, Henry C. Young, then the husband of the plaintiff, brought suit against her in Ohio to procure a judgment of divorce on the ground of abandonment; that that suit was defended by her, and that after a trial judgment was rendered in her favor dismissing the petition and awarding her the sum of $40,000 alimony. When this judgment was rendered Henry C. Young was, or immediately prior thereto had been, the owner of 141 shares of the capital stock, the value of which exceeded the amount of plaintiff's judgment, of the Bradstreet Company, a corporation organized and existing under the laws of Connecticut, and which he transferred to the defendant, then known by the name of Adele C. Warner. Shortly after the transfer was made the plaintiff brought suit in the State of Connecticut to set aside the same, and pending the action procured an injunction enjoining and restraining the defendant from disposing of the stock during the pendency thereof. The suit was defended by this defendant, and when it came on for trial she was sworn as a witness in her own behalf and testified, in substance, that she purchased the stock in good faith from Young and paid him a valuable consideration for it. Young was also sworn as a witness, and he testified substantially to the same effect. During the progress of the trial, and before it was terminated, the parties to this action entered into an agreement in and by which that suit was discontinued, the attachment vacated, and the stock sold by the defendant to the plaintiff's attorney, and other personal property also delivered either to him or the plaintiff. At the same time Henry C. Young transferred to the plaintiff his interest in certain real estate situate in Cincinnati, Ohio, and he was released from all further claims upon the part of the plaintiff. At the close of the trial the referee dis-

missed the complaint, and from the judgment entered upon his report this appeal is taken.

We think the judgment should be affirmed for two reasons: *First.* Because an action cannot be maintained to recover damages for perjury or subornation of perjury. Our attention has not been called to a single authority which justifies such an action, and we do not believe one can be found. On the other hand, it has many times been decided that an action of this character cannot be maintained; indeed, there seems to me an entire unanimity of judicial opinion on that subject. (*Smith* v. *Lewis,* 3 Johns. 157; *Ross* v. *Wood,* 70 N. Y. 8; *United States* v. *Throckmorton,* 98 U. S. 61; *Pico* v. *Cohn,* 91 Cal. 129; *Gray* v. *Barton,* 62 Mich. 196; *Folsom* v. *Folsom,* 55 N. H. 78; *Cunningham* v. *Brown,* 18 Vt. 123; *Dunlap* v. *Glidden,* 31 Maine, 435; *Cottle* v. *Cole,* 20 Iowa, 481; *Gusman* v. *Hearsey,* 28 La. Ann. 709; *Greene* v. *Greene,* 2 Gray, 361; *Peck* v. *Woodbridge,* 2 Day, 30; *Eyres* v. *Sedgewicke,* Cro. Jac. 601; *Dawling* v. *Venman,* 3 Mod. 108). In *Smith* v. *Lewis* (*supra*) the court held that an action would not lie "against a person in this State for suborning a witness to swear falsely in a cause in another State whereby a judgment was given against the defendant in that State contrary to the truth and justice of the case." *Smith* v. *Lewis* was decided in 1808, and the principle of law there declared has since been followed or cited with approval in many of the States of the Union, including our own State in *Verplanck* v. *Van Buren* (76 N. Y. 259), and is decisive of the question presented. *United States* v. *Throckmorton* (*supra*) is also directly in point. This suit was brought for the purpose of setting aside a decree of confirmation of a Mexican grant upon the ground that the same was procured by fraud and perjury. In the Circuit Court the demurrer to the bill was sustained and a judgment thereupon entered dismissing it. In affirming this judgment the Supreme Court of the United States stated the reason for its action: "That the mischief of retrying every case in which the judgment or decree rendered on false testimony given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

·In reaching the foregoing conclusion the contention of appellant's counsel, that this action was brought not ·to recover damages for perjury or subornation of perjury, but for fraud and deceit, has not escaped our attention. An inspection of the complaint, however, as well as a consideration of the theory upon which the action was tried, demonstrates clearly and conclusively that in this respect he is mistaken. It is an action to recover damages for perjury and subornation of perjury, and nothing else, and the referee was right in holding that there is no authority in law for the maintenance of such action.

*Second.* Because the plaintiff did not sustain any damage by reason of the testimony given by the defendant and Henry C. Young in the Connecticut suit. In no possible view of the case as it comes to us can it be said that the plaintiff was injured by such testimony. It is true she did not recover judgment for the relief sought, but this cannot with reason be said to have been due to any act of the defendant. The plaintiff herself voluntarily stopped the trial and thus prevented judgment being rendered. *Non constat,* but that, had the trial proceeded, the court would have disregarded the testimony of the defendant and Young and rendered judgment strictly in accordance with the plaintiff's petition and the evidence offered by her on the trial. To reach the conclusion contended for by the appellant's counsel, we would have to assume that if the trial had continued the court would have rendered judgment against the plaintiff based upon perjured testimony. This we cannot do; no such assumption can be permitted. On the contrary, we must assume that if the trial had proceeded the court would have disregarded false and perjured testimony and rendered a judgment strictly in accordance with the truth. The plaintiff, however, without relying upon the ability of the court to do this, saw fit of her own volition to withdraw the consideration of the question involved from the court by consenting to a discontinuance. Having done this it cannot be said that the testimony there given of which she now complains injured her in any way, neither can she be heard now to assert that such testimony was false. In addition to this we think the agreement in and by which the suit was discontinued was something more than that. A careful consideration of the evidence

bearing upon that subject irresistibly leads to the conclusion that this agreement, taken in connection with the supplemental agreement executed at about the same time, was intended to be a full settlement of the subject-matter of the litigation. This was the intent of the parties, and legal effect must be given to this intent while the agreement remains in force.

The judgment was right and should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.