### STEELE v. CULVER.

1. PLEADING—DEMURRER—EFFECT:
    Facts not stated in a bill of complaint cannot be put in issue or considered by the court on a demurrer.

2. JUDGMENTS—RES ADJUDICATA—COLLATERAL ATTACK.
    Enforcement of a judgment in an action at law will not be enjoined on a bill in equity showing that the judgment in the action at law was obtained by perjury; such defense having been foreclosed by the trial on the merits.

Appeal from Van Buren; Des Voignes, J. Submitted April 26, 1909. (Docket No. 98.) Decided July 6, 1909.

Bill by Frederick M. Steele and others against William Culver and others to set aside and restrain the collection of a judgment. From an order sustaining a demurrer to the bill, complainants appeal. Affirmed.

*Ernest Dale Owen* (*Alexis C. Angell*, of counsel), for complainants.

*T. J. Cavanaugh* and *L. A. Tabor*, for defendants.

MONTGOMERY, J. This is a bill filed on the equity side

of the court to set aside and restrain the collection of a judgment obtained by the defendant William Culver against the complainant railroad company for personal injuries amounting to the sum of $19,200. The bill alleges that such judgment was obtained in the circuit court for the county of Van Buren; that an appeal was taken to this court from such judgment, where the same was affirmed; that the complainant the Fidelity & Deposit Company of Maryland became surety on the bonds given on such appeal; that subsequently, upon a sale of the complainant railroad company to another railroad system, the complainant Steele entered into an obligation to pay whatever sum might eventually be recovered against the company in said action by said Culver. The bill further alleges certain proceedings taken in the Federal court to restrain the collection of this judgment, which, however, resulted in a dismissal of the case on the ground of want of jurisdiction in the Federal court. The bill alleges that, on the trial of the case of Culver against the railroad company, said Culver and some of his witnesses knowingly and wilfully testified falsely upon the material and determining question in the case, and that he and his attorney, Tabor, suborned said witnesses to swear falsely; that the officers of the railroad company and those in charge of such litigation knew in practical effect that such testimony was false, but that with all due diligence they were unable to make proof of such fact, as the same was kept secret and was clandestinely done; that after the rendition of said judgment and after the appeal thereof, and preceding the determination of such appeal, in an effort to make a settlement of the case without the intervention of his lawyers, the said Culver made a full and complete statement and confession to the complainant Steele that he, the said Culver, had testified falsely in such cause on a material and controlling point therein, and that he and his attorney, Tabor, had suborned witnesses to swear falsely in corroboration of his testimony. The prayer of the bill is that the collection of the judg-

ment be forever restrained and enjoined, and for such further relief as equity may require. To this bill of complaint a demurrer was filed, and, upon hearing by the court, was duly sustained. The complainant appeals the case here.

Attention is called in the brief of defendants' counsel to proceedings had upon motions for new trial and to proceedings in this court, which would have an important bearing upon the merits of the case if properly within the issue. But, in so far as the demurrer attempts to raise these collateral questions of fact, we think it is not good pleading. Both counsel, however, seem to be agreed that the question presented is whether the bill makes a case for equitable relief, and that question we proceed to consider.

It is contended by complainant's counsel that the question in the precise form here presented has never been determined by this court. It is true that no case presenting precisely the facts averred in this bill has been called to our attention, but we think that in principle the question is *stare decisis*. The question arose in *Gray* v. *Barton*, 62 Mich. 186 (28 N. W. 813), whether, after a judgment at law had been obtained, a court of equity would interfere to restrain the collection of the judgment and to award a new trial, where the bill averred that the defendant in the chancery case (plaintiff in the law case) had committed perjury upon the trial, and that the complainant was not at the time of the trial of the suit at law in possession of the evidence with which to prove the falsity of the defendant's testimony, but had since been able to procure testimony by which he could establish the real truth. In negativing the right to maintain the bill, it was said:

"The weight of authority is decidedly against the granting of a new trial in a court of equity to impeach the testimony of witnesses, or because a party has committed perjury, or even suborned a witness to commit perjury."

It was added:

" It might be that a judgment at law might be so manifestly against conscience that a new trial would be granted in equity; as in a case where perjury was established by some instrument or document in writing, or where a witness for the prevailing party has been, subsequent to the trial, convicted of false swearing in the case."

The case of *Miller* v. *Morse,* 23 Mich. 368, was approved, in which case a new trial was asked in a court of equity to relieve against a judgment at law alleged to have been obtained by conspiracy and false swearing of the plaintiff. In disposing of that case, the court said, speaking through Mr. Justice COOLEY:

" We do not see why, if this bill should be sustained, the defeated party might not maintain a similar one in nearly every case which the courts of law dispose of."

The question again was presented to this court in *Codde* v. *Mahiat,* 109 Mich. 186 (66 N. W. 1093). In that case it was averred that the verdict was obtained by perjury on the part of the defendant. Complainant averred in his bill that he had now discovered evidence to the effect that the defendant stated to other parties that she was not engaged to complainant, had no love or affection for him, and would not marry him. Again, the claim was made that these were made controlling questions in the case. But in a very brief opinion by Mr. Justice GRANT, it was held that the case was ruled by *Gray* v. *Barton, supra.* It is undoubted that cases may be found which are not in accord with the views expressed in these two cases, and in which exceptions are introduced which might justify the maintenance of the bill in the present case. But we think the rule is best stated in *United States* v. *Throckmorton,* 98 U. S. 61. In an able opinion by Mr. Justice Miller, the rule is stated to be that, if in the trial of a suit at law a mistake has been made in the law, there is a remedy by writ of error.

" If the jury has been mistaken in the facts, the remedy is by motion for new trial. If there has been evidence discovered since the trial, a motion for a new trial will

give appropriate relief. But all these are parts of the same proceeding, relief is given in the same suit, and the party is not vexed by another suit for the same matter. So in a suit in chancery, on proper showing a rehearing is granted. If the injury complained of is an erroneous decision, an appeal to a higher court gives opportunity to correct the error. If new evidence is discovered after the decree has become final, a bill of review on that ground may be filed within the rules prescribed by law on that subject. Here, again, these proceedings are all part of the same suit, and the rule framed for the repose of society is not violated.

"But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was, in fact, no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.   *   *   * In all these cases, and many others which have been examined, relief has been granted on the ground that by some fraud practised directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court. On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed."

In our view, this rule is the only one which can be applied and the sanctity of a judgment be maintained. It was further said by Mr. Justice Miller:

"The mischief of retrying every case in which the

judgment or decree rendered on false testimony given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

As was said by Chief Justice Shaw in *Greene* v. *Greene*, 2 Gray (Mass.), 361 (61 Am. Dec. 454), referred to by Mr. Justice Miller in *United States* v. *Throckmorton:*

"The maxim that fraud vitiates every proceeding, must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. But where the same matter has been actually tried, or so in issue that it might have been tried, it is not again admissible; the party is estopped to set up such fraud, because the judgment is the highest evidence, and cannot be controverted."

The case of *Edson* v. *Edson*, 108 Mass. 590 (11 Am. Rep. 393), is cited by complainant's counsel. As we read that case, however, it in no way militates against the decision of Chief Justice Shaw in *Greene* v. *Greene*. That case is reviewed at length, and the substance of the decision stated as follows:

"Strictly speaking, the decision is an authority only for the proposition that a decree of divorce cannot be called in question or invalidated, on the ground of fraud in its procurement, in a separate and independent libel, subsequently brought between the same parties, when it appears that the first decree was entered after due notice to the adverse party, followed by an adjudication upon evidence offered in support of the allegations in the libel. To this extent there can be no doubt that the decision is in harmony with sound principle and with adjudicated cases."

It is then shown that the case under consideration is quite different, in that it appeared that the proceeding was instituted by an innocent party without notice, who was aggrieved by a judgment or decree obtained against

her without her knowledge by the fraud of the other party. The following cases are in harmony with the rule laid down in this State, and to which we adhere: *Pico* v. *Cohn,* 91 Cal. 129 (25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159); *Friese* v. *Hummel,* 26 Or. 145 (37 Pac. 458, 46 Am. St. Rep. 610). In *Little Rock, etc., R. Co.* v. *Wells,* 61 Ark. 354 (33 S. W. 208, 30 L. R. A. 560, 54 Am. St. Rep. 233), it is stated, and we think it is an accurate summary of the authorities, that, while there are a few decisions which are defensible only on the theory that an allegation of perjury or subornation of perjury may be sufficient to invoke the action of the court against a judgment claimed to be due thereto, these decisions are contrary to the great weight of authority on the subject. See, also, *Graves* v. *Graves,* 132 Iowa, 199 (109 N. W. 707, 10 L. R. A. [N. S.] 216, and accompanying note).

It is contended that the authority of *United States* v. *Throckmorton,* 98 U. S. 61, has been shaken by the case of *Marshall* v. *Holmes,* 141 U. S. 589 (12 Sup. Ct. 62). Without reviewing at length this latter decision, we think the best answer to this contention is contained in the opinion of Judge Lacombe in *United States* v. *Gleeson,* 90 Fed. 778, 33 C. C. A. 272. The precise question of whether *Marshall* v. *Holmes* had overturned the doctrine of *United States* v. *Throckmorton* was there considered, and the court held, on the contrary, that the rule laid down in the *Throckmorton Case* was *stare decisis.* As before intimated, the Michigan rule is established by the two cases of *Gray* v. *Barton* and *Codde* v. *Mahiat.* The only possible distinction between those cases and the present is that in this case there is an averment that the complainant has secured an admission of the perjury from the party. This, however, only goes to the character of the proof by which the perjury is to be established. The same objection to a retrial of a question foreclosed by a trial and judgment at law would arise and the same considerations which would preclude a party from proving

by evidence of other witnesses the fact of perjury would be quite as persuasive to deny the right to rest upon alleged admissions of a party. We think to ingraft such an exception on the rule would open the door to abuse and render a judgment obtained after a full trial on the merits precarious, and impose upon the successful party the burden of unbearable expense in maintaining a right already adjudicated.

The decree of the court below dismissing the bill of complaint is affirmed, with costs.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.