Johnson, J.
It will be observed that the amended petition specifically avers, that “owing to lapse of time between the time of the trial of said action in cause No. 10050 and the time of the discovery and disclosure of the fact that the theft heretofore referred to, was committed by said *380 Elijah Bowsher, plaintiff is without adequate remedy at law.”
It is conceded that there is no statutory authority for the relief prayed for. Proceedings under Sections 5309 and 5354, Revised Statutes, to open up and vacate a judgment after the term at which it was made must be commenced within times shorter than the time which elapsed in this case.
Therefore the question presented here is whether the amended petition states a case which warrants' the exercise of the equitable jurisdiction of the court.
Where a judgment is attacked for fraud the statutory remedy is not exclusive but cumulative. This principle is well settled in Ohio. Long v. Mulford, 17 Ohio St., 485; Coates v. Bank, 23 Ohio St., 415; Darst v. Phillips, 41 Ohio St., 514.
The syllabus in Darst v. Phillips is as follows: “The special proceeding provided by Section 5354, Revised Statutes, authorizing courts tó vacate their own judgments rendered at a previous term, for fraud practiced by the successful party is a cumulative remedy and does not exclude or limit the right of a party by original action to impeach a judgment or enjoin its collection for such fraud.”
It would seem to follow, that where a proper case is stated in a petition calling for the exercise of the equitable powers of the 'court, to set aside a judgment for fraud, the statute would not begin to run until the discovery of the fraud.
But the acts of fraud which confer jurisdiction are such as are extrinsic and outside of the matter *381 directly tried and determined, and do. not relate to the matter 'on which the judgment was rendered.
This was the contention in each of the three Ohio, cases cited above. The fraud related to the manner of acquiring jurisdiction in the original eases, and amounted to a fraud on the court as well as on the party.
In Darst v. Phillips, supra, the judgment had been entered on a promissory note with warrant of attorney attached. There was no service of process. The note had actually been paid, and the court say: “The fraud charged was one upon the court as well as upon the judgment defendants. * * * The payment of the debt revoked the power and left the cognovit without any support, and there was no iurisdiction actually acquired.”
In United States v. Throckmorton, 98 U. S., 68, the court say: “The acts for which a court of equity will on account of a fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic and collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered.”
And Mr. Chief Justice Shaw, in Greene v. Greene, 2 Gray, 361, says: “But where the same matter has been actually tried or so put in issue that it might have been tried oroof of fraud is not aerain admissible.”
In Dringer v. Receiver, 42 N. J. Eq., 573, the court say: “tie (the defendant) may sue out a *382 writ of error, apply for a new trial, or rehearing, or take an appeal, but he cannot maintain a bill in equity or retry the case on its merits or any of the questions settled by the judgment.”
Other cases in which these principles are declared and enforced are: Pico v. Cohn, 91 Cal., 129; Hilton v. Guyot, 42 Fed., 252; United States v. Hancock, 30 Fed. Rep., 858; Gray v. Barton, 62 Mich., 186.
When tested by well settled rules, does the amended petition in this case state facts on which the court would be warranted in granting relief?
It sets out that in the original action against Michael by the bank, he Michael, filed an answer in which he averred as a defense that between' December 24, 1898, and December 27, 1898, the vaults of the bank were entered and robbed by persons unknown to him and without his fault.
He avers that the bank filed a reply denying said allegations and that the issue thus made was tried to the court and jury.
In the amended petition in the present case, Michael sets up the same facts, and in addition avers that he now knows the name of the person who robbed the bank.
The amended petition herein contains no allegation of fraud in the original action, on the part of the bank or of anyone. It is not claimed that the bank perpetrated any fraud at any time on the court, or on the defendants, nor that the verdict in that case was the result of fraud. There is no averment that there was any false testimony introduced by the bank.
*383 The newly discovered evidence set out in the amended petition is merely cumulative.
If evidence was offered on the trial of the original action in support of the defense set up, it must have been to the effect that the bank had been robbed, and the additional evidence now tendered-is to the same claim, and that the name and identity of the robber is'now known.
There is no allegation in this amended petition from which any inference can be drawn, other than that the original action was fully and fairly tried without improper conduct by any one of the parties.
Counsel for plaintiff state in their brief that they have been unable to furnish a precedent for the decree prayed for in their petition, but they insist that the facts set out present a case which calls for the assertion of. the equitable- power of the court without reference to any prior fixed rule.
They cite authorities in which the inherent power of the court to grant relief demanded by good conscience, is stated and upheld. But those authorities, and the reasons upon which they are based, have no application to a proceeding in which the rights of the parties have been submitted to a court and jury, under rules securing to each a full and fair hearing, and in which there was no suggestion or claim of fraud, or improper conduct.
It is insisted that this case presents a great hardship, and that in the result of the original action, injustice was done the defendants. That may be true. Courts at their best can only approx *384 imate exact justice. Where such hardships and imperfections seem to be apparent, courts would gladly redress them if a rule could be contrived that would remedy the evil without producing worse conditions.
The mischief of endless litigation in which nothing is finally determined, is a thing more to be dreaded than an occasional miscarriage of justice. If by allegation in a bill in equity, that false testimony had been given, or forged documents introduced or new evidence discovered, controversies which had been regularly adjudicated could be opened up, there could be no assurance of the conclusive effect of final judgments.
In the case referred to in the amended petition, the defendants Michael and Kalb filed their answers setting up what they claimed and believed to be the truth. The trial of that case was their opportunity for making the truth appear. Unfortunately they failed (not by perjured testimony, or unfair practices by their opponents), and in the reviewing courts they were not able to show that injustice had been done them or that there was any error in the proceeding.

Judgment affirmed.

Spear, C. J., Davis, Shauck, Price and Donahue, JJ., concur.