Shientag, J.
Plaintiff, a sublessee, previously sued Bobwhite Long Island Inc., its lessor, to recover excessive rent charges. Under the emergency rent law, the applicable rent was the rent charged in March, 1943, in this case $2,700, plus 15%. When *729 plaintiff occupied the premises in 1945, it was charged a rental of $8,600.
For the purposes of this motion, the allegations of the complaint must be taken as true; indeed, the pleader is entitled to the most favorable inferences to be drawn therefrom.
The complaint alleges that the two defendants, officers and directors of Bobwhite, executed false leases, one dated December 28, 1941, the other February 21, 1942, and running to October, 1945. The false leases were, of course, an effort to prove that a higher rent had obtained in March, 1943, thereby increasing the permissible emergency rent. One defendant signed as secretary of Bobwhite, the lessor; the other signed as lessee, in the name of a corporation wholly controlled by defendants. It is further alleged that defendants falsely testified both on examination before trial and on trial itself that they had executed the leases at the time they were dated. The jury returned a unanimous verdict for plaintiff.
Plaintiff now sues the two defendants individually to recover damages for the time and money expended in prosecuting the first action, alleging a conspiracy to defraud.
It is settled law that a plaintiff who has lost his case because of perjured testimony cannot sue the perjurer for damages. (Young v. Leach, 27 App. Div. 293.) Whatever the justice of the rule, the principle has become too well established to be questioned, and plaintiff does not attempt to do so.
Plaintiff urges however, that where there is a conspiracy to defraud, the plaintiff may recover even though one means of effectuating the conspiracy was false testimony. The leading case on this point is Verplanck v. Van Buren (76 N. Y. 247, 260, 261). In that case, a suit by a receiver, defendants contracted to manufacture bricks on the premises of the bankrupt on shares. The defendants concealed their receipts and made false reports thereof. As part of this fraud, defendants made false contracts with a third party. A prior receiver brought suit against defendants for an accounting, but as a result of false testimony by defendants and the introduction of the false contracts, the receiver recovered only a portion of what the bankrupt was entitled to. Upon discovery of the fraud, the present receiver brought this action. The basis of the defense thereto was the former judgment and accounting.
The Court of Appeals reiterated the rule that no cause of action will lie for perjury or subornation of perjury. The case was distinguished, however, in that there was an actionable *730 fraud over and beyond the false testimony. It was held immaterial that the fraud was brought to a successful conclusion by the false testimony, since the false testimony “ is not the sole moving factor in the cause of action. ’ ’ The fraudulent purpose, formed before the accounting and the trial, formed the chief basis of the cause of action. The acts of the defendants upon the trial were but a part of the entire transaction.
The complaint in the instant ease, however, cannot fairly be read to state a cause of action for a fraud over and beyond the false testimony. To state a good cause of action, plaintiff must plead circumstances showing more than a conspiracy to commit perjury, and that plaintiff has not done. Such circumstances may exist in this case, for example, if any misrepresentations had been made to plaintiff as to the applicable emergency rent at the time that it first occupied the premises. The corporation and the two individual defendants in the present action might then be held as coconspirators for injury to plaintiff caused by the fraud — the differential between the rent paid and the correct emergency rent. It is settled law that recovery of a judgment against one wrongdoer does not bar suit against joint wrongdoers, so long as the judgment remains unsatisfied (cf. Squire v. Ordemann, 194 N. Y. 394, and Russell v. McCall, 141 N. Y. 437).
For the reasons stated therefore, the order below should be reversed, with $20 costs and disbursements and the complaint dismissed, with leave to serve an amended .pleading.. Settle order.
Peck, P. J., Glennon, Van Voobhis and Heitebnan, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements and the complaint dismissed, with' leave to serve an amended pleading. Settle order on notice.