## OSSIAN GUTHRIE ET AL.

### v.

## PATRICK DOUD.

*Injunctions—Collection of Judgment—Injury to Real Property—Flowage—Evidence.*

Upon a bill perpetually to enjoin the collection of a judgment for damages arising through the obstruction of a watercourse, the same being based upon the alleged perjury of certain witnesses, mistakes of others, and divers remarks and offers alleged to have been made by the plaintiff since the judgment, this court holds that the same should not be disturbed, the evidence in question having been presented and considered on the trial of the cause.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. C. M. HARDY, for appellants.

Mr. F. W. BECKER, for appellee.

Assuming that the allegations of perjury are sufficient, it does not follow that a court of chancery will grant a new trial on that ground; for, as is said in Woodside v. Morgan, 92 Ill. 273, " Were a court of chancery to entertain bills for a new trial at law on the allegation of one party that the other had sworn falsely, the occasions would be numerous for applications of the present kind, under a practice where parties testify in their own cases, and their conflicting testimony on trials is so frequently witnessed; " or, as is said in Fuller v. Little, 69 Ill. 229, " Applications to a court of chancery for a new trial, after a verdict at law, are very rare in modern times, since courts of law exercise the same jurisdiction, and to the same liberal extent; and such trials are watched by equity with extreme jealousy."

It should appear in such an application that the applicant has been guilty of no *laches*, and that he had no opportunity of showing his defense in the proper forum and at the proper time.    Blackburn v. Bell, 91 Ill. 434; Yates v. Monroe et al., 13 Ill. 212.

As complainants knew of the alleged perjury before the termination of the last trial, they had abundant opportunity to make it known upon their motion for a new trial.    If it was one of the grounds relied on for a new trial it is *res adjudicata;* for it was presented to a tribunal equally as competent to determine the question of perjury and render assistance as a court of equity; and if that tribunal passed upon it and its decision was affirmed by the Appellate and Supreme Courts, the decision is final.    It can not be reviewed in equity, which does not sit as a court of errors.   High on Inj., Sec. 130. If, on the other hand, the point was not made on the motion for a new trial, then the appellants were guilty of such *laches* as to preclude them now from raising the point; for a court of equity will never be called into activity to remedy the consequences of *laches*, of neglect, or the want of reasonable diligence.    Kersey v. Rush, 3 Del. Ch. 339.

As to the perjurous testimony of the Douds, the bill is defective in not being supported by other oaths than those of complainants.    Upon the trial there was the sworn statement of one party opposed to that of the other; there is no more than that now appearing in this case.    Fuller v. Little, *supra.* The names of witnesses who would swear to the contrary should be given, and their affidavits as to what they would swear to on another trial should be annexed to the bill.    Ibid.

The bill is further defective in showing no new evidence of a conclusive or decisive character; what it shows, if any, is merely cumulative.    Woodside v. Morgan, 92 Ill. 273.

GARY, J.    The record in this case shows that September 7, 1880, the appellee sued the appellants in the Superior Court for injuries to his property, which he alleged he had suffered from the obstruction by the appellants of a watercourse. That, after four trials, with varying results, the appellee obtained a judgment for $1,200, which, after passing through all the courts to which the appellants could take it, stands affirmed.    The present case is a bill in chancery filed by the appellants, asking that the collection of that judgment be forever enjoined, and for other relief.

There is an original bill and an amendment thereto, the original being based on allegations of perjury in the testimony of some witnesses, and mistake in that of others, and upon observations which the appellants have made since the judgment, as to the effect of the alleged obstructions upon the course of the water, and the amendment upon offers by the appellee, since the judgment, to sell his lands at high prices, inconsistent with his claim that it has been damaged.    The allegations of the bill are minute, running into particulars as to the perjured or mistaken testimony to a length not consistent with the object of a judicial opinion to imitate.

That the appellants are not entitled to the relief they ask, is so firmly settled by authority, that it is difficult to feel impressed that the appellants have any hope of it.    Even after one trial only, as to transitory matters, not physical features upon the face of the earth open to the observation of

Coughlin v. Gutta Percha & Rubber Mfg. Co.

every spectator who chooses to watch the phenomena, "the doctrine is well settled that the court (of chancery) will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed." United States v. Throckmorton, 98 U. S. 61. A great many cases are there cited, showing the application of the rule under a great variety of circumstances; among them are: Smith v. Lowry, 1 John. Ch. 320; Tovey v. Young, Pr. Ch. 192; Bateman v. Willoe, 1 Scho. & Lef. 201; Greene v. Greene, 2 Gray, 361. So in Galena, etc., v. Ennor, 116 Ill. 55, the Supreme Court of this State say: It can not be allowed as a ground for setting aside a judgment that there was false testimony given on the trial." P. 63. The doc-trine is recognized and applied in Brown v. Luehrs, 95 Ill. 195, and there Seward v. Cease, 50 Ill. 231, which comes nearest to being an authority for appellants of any case, per-haps, in the books, is explained if not weakened. .

If this attempt was successful, why next year might not the appellee file his bill to set aside the decree upon this, alleg-ing that such decree was obtained by perjury, and thus the parties alternate in their charges and counter charges without limit? No claim of originality is made on this query, as it is in some of the cases cited. The established law is against the appellants, and the decree dismissing the bill is affirmed.

*Decree affirmed.*