## Victor Bardonski
### v.
## John Bardonski et al.

| 44 201 |
| 144s 284 |

*Judgment by Default—Negligence of Defendant—Relief Barred.*

Defendant having suffered a judgment to go against him by default, and his conduct having been such that the law imputes negligence to him, he is barred from relief.

[Opinion filed March 19, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Messrs. Felsenthal & D'Ancona, for appellant.

Mr. Frank H. Goin, for appellees.

Gary, J.    This is one of the extreme cases in which courts, in the endeavor to do justice, are tempted to overlook established rules and make bad law.    Seward v. Cease, 50 Ill. 228.    The case made by the appellant, of which there is no contradiction, is that in 1882, the appellee named in the above title received from the C. & N. W. Ry. $3,500, in two checks, one of which, for $1,425, he indorsed to one Dannecker, his attorney in the business.    In 1885 he sued Dannecker and the appellant for the same money.    Dan-

necker employed an attorney to defend both of them, without cost to the appellant. When the case was reached for trial in 1886 it was dismissed and a like new suit commenced immediately, and summons served on Dannecker before he got out of the court house. Dannecker told the appellant of the new suit; said the appellant would soon be served, but that he need pay no attention to it as he, Dannecker, would attend to it. The appellant relied upon that statement, and knew nothing further of the matter until March 24, 1888, when he learned that judgment had been entered against him. In fact, a plea was put in for Dannecker alone October 2, 1886, and the case stood thus until February 23, 1888, when the suit was dismissed as to Dannecker, and judgment entered against the appellant alone, who never, as he alleges, had any of the money, nor was in any way liable, legally or morally, for it. Dannecker is a non-resident, and pecuniarily irresponsible.

It is a hard case, aggravated by some domestic complications not necessary to state. To the conduct of the appellant the law imputes negligence, which bars him of relief. He knew he was served with a summons in June, 1886. It does not appear that he ever thought of the case from that time until March, 1888. The appellee named is in no way chargeable with any misconduct of which the law can take notice. The appellant had his day in court, and it must be assumed that the case was fairly proved against him when the judgment was taken. The appellee is not required now, after the lapse of so much time, during which evidence may have become lost, to prove it anew. Sullivan v. Niehoff, 27 Ill. App. 421; Guthrie v. Doud, 33 Ill. App. 68, and cases there cited.

The bill filed by the appellant to be relieved from the judgment was rightly dismissed, and the decree is affirmed; the injunction, which by an order here was continued in force, is dissolved.

*Judgment affirmed.*