WABASH RAILROAD COMPANY, Appellant, v. MIRRIELEES et al.

Division Two, May 31, 1904.

1. **SETTING ASIDE JUDGMENT: False Testimony.** Fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. It can not be set aside on the ground that witnesses falsely testified as to issues settled by the judgment, unless the party obtaining the judgment by some trick or artifice or fraudulent conduct in some manner deceived the other as to what the witnesses would testify to.

2. ———: ———: **Damage Suit: Earning Capacity.** A bill asking that a judgment in a damage suit be set aside on the ground that, by evidence discovered after the motion for a new trial was overruled, it could be shown that plaintiff in that case had sworn falsely as to the extent of his damages, and charging no trick or deceit, should be dismissed.

3. ———: **Diligence.** A bill in equity asking that a judgment in a suit at law be set aside on the ground that it was founded on false testimony, should show that the plaintiff exercised diligence to discover the falsity of such testimony, or was prevented by some trick or the fraudulent conduct of the successful party in that suit from exercising such diligence.

4. ———: **Former Adjudication: Supplemental Motion.** Where the matters set up in plaintiff's bill to have a judgment set aside

were presented to the court which rendered·that judgment by a supplemental motion for a new trial, which by that court was held to be too late, that is an adjudication of those matters by a court of competent jurisdiction, and bars his right to enter a court of equity to have them relitigated.

Appeal from Hannibal Court of Common Pleas.—*Hon. D. H. Eby*, Judge.

Affirmed.

*Geo. S. Grover* for appellant; *Geo. A. Mahan* of counsel.

(1) A court of equity has, at any time, inherent power to grant a new trial, in cases where a judgment has been procured by fraud. 1 High on Injunction (3 Ed.), sec. 190, p. 143; 1 Story, Equity Jurisprudence (13 Ed.), sec. 192, p. 205; 2 Story, Equity Jurisprudence (13 Ed.), sec. 887, pp. 197, 198; 3 Pomeroy's Equity Jurisprudence (13 Ed.), sec. 1364, p. 2103; 2 Daniel's Chancery Practice (5 Ed.), 1624; Miles v. Jones, 28 Mo. 87; Haris v. Terrell, 38 Mo. 422; Marx v. Fore, 51 Mo. 74; State ex rel. v. Engelmann, 86 Mo. 551; Dunn v. Miller, 96 Mo. 324; Hamilton v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1; Wonderly v. Lafayette Co., 150 Mo. 650; Hamilton v. McLean, 169 Mo. 51; Wierich v. De Zoya, 7 Ill. (2 Gilman) 385; How v. Mortell, 28 Ill. 478; Foote v. Despain, 87 Ill. 28; Carrington v. Holabird, 17 Conn. 530; Pearce v. Olney, 20 Conn. 544; Kent v. Richards, 3 Md. (Ch. Dec.) 392; Pelham v. Moreland, 11 Ark. 442; Nelson v. Rockwell, 14 Ill. 375; Crim v. Hendley, 94 U. S. 652; Phillips v. Negley, 117 U. S. 675; Tucker v. Whittelsey, 74 Wis. 74; Glover v. Hedges, 1 N. J. Eq. 113; Boulton v. Admr. of Scott, 3 N. J. Eq. 236; Exrs. of Powers v. Admrs. of Butler, 4 N. J. Eq. 465; Moore v. Gamble, 9 N. J. Eq. 246; Tomkins v. Tomkins, 11 N. J. Eq. 512; Robinson v. Wheeler, 51 N. H. 384; Wingate v. Haywood, 40 N. H. 437; Ins. Co. v. Fields, 2 Story (U. S. C. C. Rep.) 59;

Emerson v. Udall, 13 Vt. 477; Humphries v. Bartee, 10 Smedes and Marshall (Miss.) 282; Taylor v. Railroad, 86 Tenn. 228; Webster v. Skipworth, 26 Miss. 341; Winster v. McManus, 54 Pa. St. 318; Burpee v. Smith, Walker's Ch. Dec. (Mich.) 327; Hentig v. Sweet, 27 Kan. 172; Kelly v. Weard, 49 Conn. 443; Kelly v. Kriess, 68 Cal. 210; State v. Matley, 17 Neb. 564; Baker v. Rierdan, 65 Cal. 368.    (2)    This bill stated an equitable cause of action.    Authorities cited, supra. (3)    The dismissal of the bill was a final judgment from which an appeal will lie.    Sec. 806, R. S. 1899; Freeman on Judgments (3 Ed.), sec. 12, p. 10; Rogers v. Gosnell, 51 Mo. 468.

*F. L. Schofield* for respondents.

The bill in this case is wanting in almost every essential averment of fact requisite to authorize equitable interposition by reopening of a litigation once ended between the parties.    (1)    The only fraudulent act alleged by the bill against the plaintiff in the former suit (defendant here) is, that for the purpose of increasing his damages he testified falsely as a witness on the issue in the case as to the nature and extent of his injuries and their effect upon his earning capacity. The fraud, therefore, if indeed it may be properly in a legal sense so characterized, necessarily relates to the cause of action itself then on trial, and is not in any sense a fraud committed in the act of procuring or "concocting" the judgment.    The bill is fatally defective in this respect.    Murphy v. DeFrance, 101 Mo. 151; Payne v. O'Shea, 84 Mo. 129; Jones v. Brinker, 20 Mo. 87; Smith v. Simms, 77 Mo. 269; Richardson v. Stowe, 102 Mo. 33; Bates v. Hamilton, 144 Mo. 1; Covington v. Chamblin, 156 Mo. 574; Hamilton v. McLean, 139 Mo. 688.    (2)    The alleged fraud is neither extrinsic nor collateral.    It relates wholly to the very matters which were involved in the issues tried and ad-

judged in the case at law. When such is the case equity will not intervene to enjoin or set aside the judgment. 1 Black on Judgments (2 Ed.), sec. 370; United States v. Throckmorton, 98 U. S. 61; Irvine v. Leyh, 124 Mo. 366; Irvine v. Leyh, 102 Mo. 207. (3) The alleged false testimony given on the trial by the then plaintiff is the sole ground upon which this bill rests. This is insufficient. 1 Black on Judgments (2 Ed.), sec. 372; Pico v. Cohn, 91 Cal. 129; Steen v. March (Cal.), 64 Pac. 994; Ross v. Wood, 70 N. Y. 8; Gray v. Burton, 62 Mich. 196; Hass v. Billings, 42 Minn. 67; Miller v. Morse, 23 Mich. 368; Friese v. Hummel, 26 Ore. 145; s. c., 46 Am. St. Rep. 610; Noll v. Chattanooga Co. (Tenn.), 38 So. 287; Vaughn v. Johnson, 9 N. J. Eq. 173; Guthrie v. Doud, 33 Ill. App. 68; Md. Steele Co. v. Money, 91 Md. 360. (4) The bill is utterly wanting in any allegation or showing that the defendant in the other case (plaintiff here) exercised any diligence whatever in preparing to meet the issue involved as to the nature and extent of plaintiff's injuries and as to how they affected his earning capacity; and it is equally wanting in any allegation or showing that the defendant was prevented from exercising diligence by any trick, promise, deceit or other fraudulent act of the plaintiff. Such allegations and showing are, by the undisturbed current of all the authorities, requisite to equitable interference of any kind against a judgment at law. 14 Enc. Pl. and Pr., 951; Black on Judgments, secs. 365, 366; cases cited in 1, 2 and 3, supra; Bigelow on Estoppel (3 Ed.), 57; 1 Van Fleet's Former Adj., p. 101, sec. 18; Ross v. Wood, 70 N. Y. 8; Bush v. Craig, 4 Bibb 168; Davis v. Doss, 4 Ind. 314; Bateman v. Willoe, 1 Sch. & Lef. 201. (5) It has long been the settled law of this State that a motion for a new trial based upon the ground of newly-discovered evidence must show that it was not owing to any want of diligence that it was not discovered in time to be used at the trial;

and, further, it must appear that such evidence is not merely cumulative, or intended to impeach other evidence. Dolman v. Munson, 90 Mo. 85; Culbertson v. Hill, 87 Mo. 553; State v. Griffin, 87 Mo. 608; Jacard. v. Davis, 43 Mo. 535; State v. Ray, 53 Mo. 345.

GANTT, P. J.—This is a bill in equity to set aside the judgment of the Hannibal court of common pleas, wherein A. F. Mirrielees as plaintiff obtained a judgment against the Wabash Railroad Company as defendant for the sum of five thousand dollars and costs, on the twenty-sixth day of February, 1898, which said judgment was afterwards by this court at its April term, 1901, affirmed. [Mirrielees v. Wabash Ry. Co., 163 Mo. 470.] The Hannibal court of common pleas in which this suit was brought sustained a demurrer to the petition, and plaintiff declining to plead further, final judgment was rendered dismissing the bill. From that judgment plaintiff appeals. The only question presented is the sufficiency of the petition, hence it is inserted in full, omitting caption.

"Now comes the plaintiff in the above-entitled cause, by leave of court had and obtained, and for its first amended bill therein states that it was in 1895, ever since has been, and now is, a corporation duly organized as such in the State of Ohio, under the laws of Ohio, and that it was in 1895, ever since has been, and now is, a citizen and resident of the State of Ohio.

"That the matter here in controversy exceeds, exclusive of costs, the sum of two thousand dollars.

"That the defendant A. F. Mirrielees was in 1895, ever since has been, and now is, a citizen and resident of the State of Missouri, county of Macon; that the defendant Worthington was in 1895, ever since has been, and now is, a citizen and resident of Jacksonville, Morgan county, Illinois; that Thomas S. Hagan is clerk of the Hannibal court of common pleas, and a resident and citizen of the county of Marion, State of Missouri;

that E. Simms O'Connor is the sheriff of Marion county Missouri, and is a citizen and resident of said county and State.

"That on or a.. ..t the twenty-ninth day of July, 1895, the defendant A. F. Mirrielees got upon one of complainant's west-bound freight trains at Huntsville, Missouri, a station on plaintiff's line of railroad in Missouri, with the intention of riding free thereon to Salisbury, Missouri, also on the line of plaintiff's railway, a distance of fifteen miles, without the payment of any fare therefor, by falsely personating one H. G. Milligan, and by signing without authority to do so the name of said Milligan for a reduced rate.

"That at said time and place said defendant A. F. Mirrielees, by falsely personating H. G. Milligan, and by signing without authority said H. G. Milligan's name to said non-transferable mileage ticket as aforesaid, deceived the conductor of said train, then and there in plaintiff's employ, so that said Mirrielees then and there rode free on the plaintiff's train from its station of Huntsville to its station of Clifton Hill, both of said stations being then and there in Missouri, and thus defendant Mirrielees defrauded plaintiff as aforesaid out of its lawful fare for such transportation as aforesaid.

"That at or near said Clifton Hill, on said day, by reason of which plaintiff insists was an unforeseen and unavoidable accident, without fault on its part, the plaintiff's caboose then and there attached to its train was derailed, and said caboose was overturned, by reason whereof said Mirrielees claimed to have been injured.

"That in year 1896 said Mirrielees instituted a suit at law in the Hannibal court of common pleas, at Hannibal, Missouri, to recover of this plaintiff on account of said alleged injuries received by him while riding as aforesaid on plaintiff's train at or near Clifton Hill, the sum of $20,000.

"That said cause came on for trial in said court at

Hannibal, Missouri, on or about the twenty-fourth day of February, 1898. That the said Mirrielees, and one Thomas Worthington, his attorney and brother-in-law, fraudulently conspired and confederated together to deceive and defraud the complainant herein of a large amount of money, and increase the damages in said case; and in pursuance of such fraudulent purpose, the defendant A. F. Mirrielees falsely and fraudulently testified as a witness in his own behalf at said trial of said cause that his injuries received in said accident were both serious and permanent and in consequence greatly impaired and reduced his earning capacity, all of which was untrue.

"That the said Mirrielees and one Thomas Worthington, his attorney and brother-in-law, fraudulently conspired and confederated together for the purpose of defrauding plaintiff thereby out of a large amount of money and fraudulently increasing the damages in said case to further deceive and defraud the plaintiff, in pursuance of which fraudulent conspiracy and purpose said A. F. Mirrielees falsely and fraudulently testified at said trial as a witness in his own behalf, that prior to the accident of plaintiff's train in which said Mirrielees claimed to have been injured as aforesaid, his (said Mirrielees') wages were $200 per month, and that he was thrown out of employment by reason of said accident for four and one half months, and that since said time has never been able to earn more than $150 per month, by reason of said injuries.

"That said cause was then and there submitted to the jury on the supposition and belief that said Mirrielees had lost by reason of said accident about four and one-half months' time, at the rate of two hundred dollars per month, amounting to $900, and also about seventeen months' time, from the date of said accident to the date of said trial, at the rate of fifty dollars per month, amounting to the sum of $850, and that said cause, at the time of said trial, as to the question of damages, was

argued to the jury upon the basis of such actual losses to said Mirrielees by said defendant Thomas Worthington, said Worthington well knowing at the time that said testimony was false.

"That neither plaintiff nor his counsel had any knowledge at said trial, or prior thereto, or any intimation or reason to suspect that said Mirrielees would so testify, or that said testimony was false, or in pursuance of said fraudulent purpose and conspiracy, or that such conspiracy existed, and had neither time nor opportunity for rebutting or contradicting said false and fraudulent testimony, introduced by said defendant Mirrielees, or of introducing any proof whatever to the effect that said Mirrielees's injuries were neither serious nor permanent, or that said Mirrielees had testified falsely as to the wages as aforesaid.

"That the testimony of said defendant Mirrielees, as to his wages, as aforesaid, was the only evidence as to said wages introduced at said trial.

"That owing to the skillful simulation practiced by said defendant A. F. Mirrielees, and by reason of said defendant Mirrielees having conspired and confederated with the defendant Worthington, his relative and counsel as aforesaid, to introduce said false and fraudulent testimony, and to deceive and impose upon the plaintiff herein, plaintiff's counsel then had and could have no opportunity whatever of either exposing or disproving the fraud then practiced upon plaintiff by the said defendants, Mirrielees and Worthington, or of showing the falsity of said testimony so introduced by them as aforesaid.

"That by reason and because of the false and fraudulent testimony of said Mirrielees as hereinbefore described, a verdict was obtained in favor of said Mirrielees, at the trial of his cause at Hannibal, Missouri, on the twenty-sixth day of February, 1898, as aforesaid, for the sum of five thousand dollars, and that said verdict was, as plaintiff believes, and therefore so states

the fact to be, influenced and procured wholly by the false testimony of the defendant Mirrielees, as hereinbefore set forth, to the effect as aforesaid that he was seriously and permanently injured, and that he had sustained said large and permanent losses in wages by reason of said accident.

"That after said trial, to-wit, on or about the eighth day of March, 1898, more than four days subsequent to the rendition of said verdict, but during the same term of said court, plaintiff's counsel learned for the first time that the testimony of said Mirrelees as to the extent of his injuries and as to his wages as aforesaid, was false, and afterwards learned that the same was given in pursuance of said fraudulent conspiracy and purpose to deceive and defraud this plaintiff as aforesaid.

"That in truth and in fact said Mirrielees was neither seriously nor permanently injured by reason of said accident; that instead of being disabled for four and one-half months, as said Mirrielees falsely testified at said trial, he was unemployed for a period of three months and twenty days only; that instead of receiving as wages two hundred dollars per month, as said Mirrielees had falsely testified at said trial, his actual wages were only one hundred and eighty-five dollars per month, out of which said Mirrielees paid all his expenses, traveling expenses included.

"That subsequent to said accident said Mirrielees received as wages the following sums for the following periods, to-wit:

For the month of November, 1895 (one-third month at two hundred per month)......$   66.67
For the month of December, 1895..........   200.00
For the month of January, 1896...........   200.00
For the month of February, 1896...........   187.50
From March, 1896, to April 30, 1898 (26 months, at $175 per month)............   4,550.00

"That as soon as possible thereafter, to-wit, during the same term of court, and on the fifteenth day of March, 1898, counsel for plaintiff in said cause filed a supplemental motion for new trial therein, setting out in detail this newly-discovered evidence as aforesaid, but the circuit judge then and there holding said court, said Reuben F. Roy, overruled said motion, for the reason that it had not been filed within four days after the rendition of said verdict, as required by the statutes of Missouri, then and there in force, and for said reason a new trial could not be awarded by law.

"That plaintiff, therefore, perfected an appeal in said cause to the Supreme Court of Missouri, where on the fourteenth day of May, 1901, said judgment was affirmed, and said Supreme Court then and there affirmed the ruling of said circuit judge, in said cause, as aforesaid, for the reason that the proof of the fraud of the defendant, Mirrielees, as hereinbefore set forth, was not called to the attention of the trial court within four days after the verdict was rendered, as required by the statutes of Missouri, so that plaintiff was, therefore, remediless at law.

"Plaintiff says that the judgment aforesaid was obtained as a direct consequence of the fraud and false testimony of said defendant Mirrielees at the trial, as aforesaid, and which this plaintiff had no opportunity to meet, and could not meet, nor disprove at the trial at law, as hereinbefore set forth, whereby said Mirrielees imposed upon the trial court, and the jury, as well as the Supreme Court, and to permit said Mirrielees or his assigns, or either of them, to profit by a judgment thus obtained, would be a fraud upon this plaintiff, and contrary to equity and good conscience.

"That subsequent to the rendition of said judgment said defendant Mirrielees, as plaintiff is informed and believes, and so states the fact to be, in pursuance and furtherance of said fraudulent conspiracy, without consideration, assigned the same to the defendant

Worthington, who accepted said assignment, and purposes to profit thereby, with full knowledge of the fraud committed by said Mirrielees in the case above described, as herein above set forth.

"Forasmuch, therefore, as this complainant is without remedy in the premises, except in a court of equity, where such matters are properly relievable and cognizable, and to the end that said A. F. Mirrielees, Thomas Worthington, Thomas S. Hagan, and E. Simms O'Connor, defendants herein, and who are made parties defendant to this bill, may be required to make full and direct answer to the same, but not under oath, the answer under oath being hereby waived, and that this honorable court will set aside the judgment hereinbefore described in the case of A. F. Mirrielees, plaintiff, v. Wabash Railroad Company, defendant, as hereinbefore set forth, by reason of the fraud aforesaid, perpetrated by said A. F. Mirrielees and Thomas Worthington, defendants hereto, in procuring said judgment, and that this honorable court will grant unto your complainant a new trial in equity in said cause of A. F. Mirrielees, plaintiff, v. Wabash Railroad Company, defendant, hereinbefore set forth, and that this honorable court will grant unto your complainant such other and further relief in the premises as unto equity may appertain, and to this honorable court may seem meet.

"May it please your honor to grant the writ of summons in chancery, directed to the sheriff of Marion county, Missouri, commanding him that he summon Thomas S. Hagan, defendant herein; to the coroner of Marion county, Missouri, that he summons E. Simms O'Connor, defendant herein; to the sheriff of Macon county, Missouri, commanding him that he summon A. F. Mirrielees, defendant herein, commanding them to appear before said court on the first day of the September term thereof, in Hannibal, Missouri and that a proper order of publication be entered, as by the statutes of Missouri in such case made and provided;

against Thomas Worthington, defendant herein, commanding him that he appear before this court on the first day of the September term thereon, in Hannibal, Missouri, then and there to answer this bill.

"And your complainant will ever pray."

The demurrer is as follows:

"Now in vacation of said court before the January term, 1902, come A. F. Mirrielees and Thomas Worthington, two of the defendants in the above-entitled cause, and jointly demur to the amended bill or petition of the plaintiff herein, and for causes assign the following:

"1. Said amended bill and petition does not state facts sufficiently to constitute a cause of action.

"2. On the face of said amended bill or petition the plaintiff is not entitled to the relief therein prayed for, or to any relief.

"3. Said amended bill or petition shows upon its face that the judgment therein referred to and sought to be relieved against, was and is a final and conclusive adjudication between the parties hereto of all the several matters now in this proceeding sought be reopened and relitigated, and that said judgment was and is as to all said matters a conclusive and binding estoppel against the plaintiff to have or maintain this action.

"4. That said amended bill or petition contains no averments of any fraudulent acts or conduct of these defendants, or either of them, in procuring the said judgment, therein referred to, sufficient in law or equity to warrant the relief prayed for, or any relief against said judgment.

"5. On the face of said amended bill or petition, the alleged fraudulent conduct of these defendants therein complained of is based upon and relates wholly to matters which are shown by said bill or petition to have been directly involved in the issues and tried, and finally adjudicated and determined by the

court in the cause therein referred to, and do not relate to any matters collateral or extrinsic thereto.

"6. Said amended bill or petition contains no averment or allegation of any fraudulent act, artifice or conduct of these defendants, or either of them, whereby plaintiff was misled, deceived or in anywise prevented from procuring and adducing any evidence it might upon the issues in said cause in the trial thereof.

"7. Said amended bill or petition contains no allegations showing due or legal diligence, or any diligence whatever, on the part of the plaintiff in procuring or introducing any evidence it might on the trial of said cause upon all or any of the issues therein and now sought in this proceeding to be reopened and retried."

I. Stripped of all superfluous matter the petition states in substance that the defendant Mirrielees brought his action against the plaintiff railroad company for $20,000 for personal injuries alleged to have been caused by plaintiff's negligence. That the issues were made, including the character and extent of defendant's injuries. On the trial, defendant recovered judgment for $5,000. After the expiration of four days after the rendition of said verdict and judgment, the plaintiff herein, defendant therein, filed a motion for a new trial, based on newly-discovered evidence which if it had been discovered in time would have reduced the amount of said judgment; that after an ineffectual appeal to this court, it now seeks in the original court which tried the cause to have said judgment set aside in order that it may have another opportunity of presenting its defense.

The substantive charges are, "that with the purpose of increasing the damages," Mirrielees "falsely and fraudulently testified as a witness in his own behalf at said trial of said cause that his injuries received in said accident were both serious and permanent, and in con-

sequence greatly impaired and reduced his earning capacity, all of which was untrue.''

The alleged falsity of his testimony relating to his earning is then more specifically set out substantially as follows: "That he testified in said trial that prior to his injuries he had earned $200 per month, and that since the injuries he had not been able to earn more than $150 per month; that he had lost about four and one-half months' time and that for an additional seventeen months he had earned only $150 instead of $200 per month. Whereas, it is averred, that in truth and fact he had lost only three and two-thirds months' time; that instead of having earned $200 per month prior to his injuries he had earned only $185 per month; that instead of being able to earn only $150 per month since his injuries he had earned on an average of $183 per month.

"It is then averred that the defendant in that case (plaintiff here), 'learned for the first time that the testimony of said Mirrielees as to the extent of his injuries and as to his wages as aforesaid were false,' more than four days subsequent to the rendition of the verdict in said trial. That as soon as possible thereafter counsel for the railroad company filed 'a supplemental motion for a new trial setting out in detail said newly-discovered evidence as aforesaid,' but that said motion was overruled because it was not filed within four days after said verdict, and that on appeal to the Supreme Court the said judgment was affirmed.

"It is also averred that said false testimony of Mirrielees was given in pursuance of a 'conspiracy' between him and his brother-in-law who was counsel in the case, without stating any facts constituting said conspiracy; and finally that said judgment 'was obtained as a direct consequence of the fraud and false testimony of said defendant Mirrielees at the trial as aforesaid, and which this plaintiff had no opportunity to meet, and could not meet, nor disprove at the trial at law, as here-

inbefore set forth, whereby said Mirrielees imposed upon the trial court and the jury as well as the Supreme Court; and to permit said Mirrielees or his assigns or either of them to profit by a judgment thus obtained would be a fraud upon this plaintiff and contrary to equity and good conscience.''

It thus appears that the bill rests wholly and alone upon the theory that the amount of the judgment in the suit for damages having been increased by the alleged false testimony of the plaintiff testifying as a witness, the defendant in that suit may now maintain its bill to set aside the judgment on the ground that it was obtained by fraud.

It will be observed that the bill contains no averment of any fraud whatever extrinsic or collateral to the matters involved in the issues on trial in the suit in which the judgment now attacked was rendered. On the contrary it affirmatively appears that the only fraud propounded or suggested is this alleged false testimony given by the then plaintiff in the case. It appears on the face of the petition that such testimony was given on clearly defined issues then on trial, to-wit, the nature and extent of plaintiff's injuries and his earning capacity before and after receiving said injuries.

There is no allegation as to what diligence, if any, was exercised by the railroad company in preparing to meet these essential issues on the trial, nor that it was hindered or prevented by any act of the plaintiff in said suit from exercising such diligence.

There is no averment of any artifice, trick, promise or fraudulent conduct of the said plaintiff whereby the company was in any manner deceived or lulled into security or by any means prevented from obtaining testimony to rebut the said evidence of plaintiff.

The bill nowhere sets out the newly-discovered evidence or the names of the witnesses by whom the same could be established and entirely fails to show a valid defense to such action.

From the foregoing summary it will be noticed that the only fraudulent act alleged in the bill against the defendant Mirrielees, the plaintiff in the damage case, is that he falsely testified as to the nature and extent of his injuries. It necessarily related to the cause of action then on trial and was in no sense a fraud committed on the court in the procurement of the judgment. In Oxley Stave Company v. Butler County, 121 Mo. 614, we expressed the result of the decisions of this court on this question as follows: "Perhaps there is no subject upon which the decisions of this court have been more uniform and consistent than those in regard to the character of evidence required in courts of equity to vacate a final judgment. Beginning with Jones v. Brinker, 20 Mo. 87, and coming down to Murphy v. DeFrance, 105 Mo. 53, it has been uniformly held that the 'fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. If the cause of action is vitiated by fraud, this is a defense which must be interposed, and unless its interposition is prevented by fraud, it can not be asserted against the judgment.' "

In Hamilton v. McLean, 139 Mo. 678, BURGESS, J., speaking for this court in a case in which the ground for setting aside the judgment was the setting up and pleading as genuine a forged deed, knowing it to be a forgery, said: "But even if the deed was a forgery and the judgment was founded thereon, the judgment will not be set aside and the merits of the action again gone into for the purpose of demonstrating that it was in fact a forgery. Therefore, admitting all the material allegations of the petition to be true, it does not appear therefrom that fraud was practiced in the very act of obtaining the judgment; or that plaintiff was prevented from any interposition of defendants from showing that fact, if true, in the partition suit, and therefore failed to state a cause of action."

It is perfectly obvious there can be no distinction

between introducing false and forged instruments in evidence and swearing falsely as a witness. Those two practices fall within the same category, whether in law or morals.

In United States v. Throckmorton, 98 U. S. 61, Judge MILLER very pithily expressed what we conceive to be the accepted doctrine on this subject in this State as well as elsewhere: "Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced upon him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side; these, and similar cases which show that there has never been a real contest or trial in the hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing. [Citing a number of cases.] In all these cases, and many others which have been examined, relief has been granted on the ground that by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court." This was followed in Irvine v. Leyh, 124 Mo. 361.

In Gray v. Barton, 62 Mich. 196, the identical ground upon which plaintiff relies to set aside this judgment was made the basis of that suit and the Supreme Court of Michigan said: "But it does not seem to us that the mere allegation that the defendant committed perjury upon the trial, and belief of the complainant that he can establish such perjury upon a retrial, is such a fraud as will authorize a court of equity to interfere, after a judgment against him in a

court of law has been affirmed by the highest tribunal. *The establishment of such a right in the defeated party would open the way for another contest in equity in almost, if not in every, suit decided at law.''* [See, also, Hass v. Billings, 42 Minn. 67; Miller v. Morse, 23 Mich. 368; Friese v. Hummel, 26 Ore. 145; s. c., 46 Am. St. Rep. 610; Noll v. Chattanooga Co. (Tenn.), 38 S. W. 287; Vaughn v. Johnson, 9 N. J. Eq. 173; Guthrie v. Doud, 33 Ill. App. 68; Md. Steele Co. v. Marney, 91 Md. 360; Bates v. Hamilton, 144 Mo. 11 and 12.]

In Vance v. Burbank, 101 U. S. 514, Chief Justice WAITE said: ''It has also been settled that the fraud in respect to which relief will be granted in this class of cases must be such as has been practiced on the unsuccessful party, and prevented him from exhibiting his case fully to the department, so that it may properly be said there had never been a decision in a real contest about the subject-matter of the inquiry. False testimony or forged documents even are not enough, if the disputed matter has actually been presented to or considered by the appropriate tribunal.''

Nothing can be added to the reasoning of the courts on this question. Accordingly we hold that the allegation of perjury on the part of plaintiff in the original suit is not sufficient to set aside his judgment.

II. But the bill is also deficient in not alleging or showing that the plaintiff herein, the defendant in the damage suit, exercised any diligence whatever in preparing to meet the issue involved as to the nature and extent of plaintiff's injuries, and the manner in which they affected his earning capacity and the amount which he earned before and after such injuries. It wholly fails to show that defendant was prevented from exercising such diligence by any act of fraud or deceit or trick or representation of the plaintiff in that suit. Such allegation and proof are essential by a consensus

of all the courts. [Black on Judgments, secs. 365-6; 14 Ency. Pl. and Prac. 951, and cases cited.]

III. Moreover, it appears that in a supplemental motion for a new trial, the matters now alleged were pressed upon the common pleas court and by that court overruled. It is true plaintiff avers that the court denied it relief because it was filed too late, but it does appear the court passed upon the motion and its judgment was that of a court of competent jurisdiction and the matter can not be relitigated by appealing to a court of equity.

In Bateman v. Willoe, 1 Sch. & Lef. 201, this same ground was the basis of the suit, but Lord Chancellor REDESDALE said:

"Then an application is made to the exchequer for a new trial, which I understand to have been grounded upon the same matters which are made the ground of the present suit, but the notice was too late, and the court refused a new trial. The court has established a rule necessary for the purposes of justice, and being so, it would be contrary to those purposes if I should break through it. I should render the rule nugatory, and defeat justice, if in every case where the party has neglected to apply in due time to the court at law, he should be at liberty to come into equity for a new trial."

Under our practice the time for filing such motions, is limited not by a mere rule of the court, but by a positive statute; and if the plaintiff's contention is to be allowed the statute becomes effectually nullified and any defeated litigant may file his motion for a new trial at any time after verdict, and if overruled "for the reason that it had not been filed within four days after the rendition of said verdict," he could walk into a court of equity and complacently demand that the statute be set aside and the whole case, motion and all, be retried.

IV.   But as already said, the bill does not show any meritorious defense to the cause of action.   It proceeds solely upon the ground that the alleged fraud and perjury was for the purpose of *increasing* plaintiff's damages.   This court can not assume that there was not sufficient evidence, outside of said alleged perjury to sustain the verdict.

The common pleas court was satisfied with the amount of the verdict and its judgment has been affirmed.

Moreover, when a motion for a new trial is based on newly-discovered evidence, it must show that it was not owing to any want of diligence that it was not discovered in time to be used on the trial and is not merely cumulative or intended to impeach other evidence. [Dollman v. Munson, 90 Mo. 85; State v. Griffin, 87 Mo. 608; State v. Ray, 53 Mo. 345.]

We have carefully considered all the propositions advanced by the industrious and able counsel for plaintiff, but we are fully satisfied the common pleas court properly sustained the demurrer to the petition and its judgment is affirmed.

All concur.