## SPRINGFIELD TRACTION COMPANY, Appellant, v. IREL C. DENT et al., Respondents.

**Springfield Court of Appeals, November 6, 1911.·**

1. JUDGMENT: Setting Aside: Fraud in Procuring: False Testimony. Where a judgment is procured through the false testimony adduced by the successful litigant, with a full knowledge on the part of the successful litigant of its falsity, this in itself is not such a fraud in the procurement of the judgment as to justify a court of equity in vacating the same.

2. ———: ———: ———: ———. A judgment cannot be set aside on the ground that witnesses falsely testified as to the issues settled by the judgment, unless the party obtaining the judgment by some trick or artifice, or fraudulent conduct in some manner deceived the other party as to what the witnesses would testify.

3. ———: ———: ———: ———: Diligence of Plaintiff. A bill in equity, asking that a judgment in a suit at law be set aside on the ground that it was founded on false testimony, should show that the plaintiff exercised diligence to discover the falseness of such testimony or was prevented by some trick or conduct of the successful party in the suit from exercising such diligence.

4. ———: ———: ———: ———: Same Matter Presented in Motion for New Trial: Pleading. In an action in equity to set aside a judgment in a damage suit alleged to have been obtained through false testimony of the plaintiff in that suit, it appeared that the defendant in the damage suit, who is the plaintiff in the equity suit, had presented the question of the false testimony and the newly discovered evidence to establish such false testimony in its motion for a new trial, in the original suit and that such motion was overruled. *Held*, that a court of equity could not set aside the judgment under the circumstances, and that the bill did not contain sufficient allegations to justify equitable interference and a demurrer thereto was properly sustained.

Appeal from Greene Circuit Court—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

〟 (1)　Where a judgment is exclusively predicated upon the testimony of a party litigant and it clearly appears that such testimony is not only false but knowingly false—perjured, equity will set aside such judgment for that reason and that reason alone. Klaes v. Klaes, 1030 Iowa, 686, 72 N. W. 777; Laithe v. Mc-Donald, 12 Kas. 340; Rowe v. Lbr. Co., 50 La. Ann. 1258, 24 Southern 234; Munro v. Callahan, 55 Neb. 75, 75 N. W. 151; Humphreys v. Rawn, 8 Watts, 78; Miller v. Miller, 95 N. W. (Neb.) 1010; Collier v. Easton, 2 Mo. 145; Harris v. Teril, 38 Mo. 421; Sanderson v. Voelcker, 51 Mo. App. 328; Miller v. Jones, 28 Mo. 87; Link v. Link, 48 Mo. App. 345; Purdy v. Gault, 19 Mo. App. 191; Ward v. Quinlivin, 57 Mo. 425; Ward v. Southfield, 102 N. Y. 293; Asbery v. Frizz, 47 N. E. Rep. (Ind.) 328; Nugent v. Railroad, 46 N. Y. App. Div. 105; Secord v. Powers, 85 N. W. Rep. (Neb.) 846; Graver v. Faurot, 64 Fed. 241; Graver v. Faurot, 76 Fed. 257; Marshall v. Holmes, 141 U. S. 598.

*Hamlin & Seawell* for respondents.

(1)　In 23 Cyc. 1027, it is said: "Although some few cases sustain the doctrine that equity may grant relief against a judgment obtained by means of false testimony, and especially where it was procured, concocted and intentionally produced by the successful parties, yet the weight of authority is to the effect that there is no ground for equitable interference with a judgment in the fact that perjury was committed by such party or his witnesses at the trial.　(2)　In Railroad v. Mirrielees, 182 Mo. 126, this question after a review of the authorities, was fully settled, and it was held that fraud for which a judgment may be vacated in equity, must be in the procurement of the judgment. That the fraud must be collateral to the issues adjudi-

cated in the case, as expressed in the Throckmorton case, 98 U. S. 61. Howard v. Scott, 225 Mo. 712; Hunter v. Railroad, 149 Mo. App. 253; Dorman v. Hall, 124 Mo. App. 5.

STATEMENT.—This was an action in equity instituted by the Springfield Traction Company, a corporation, against Irel C. Dent, Hamlin & Seawell, and W. E. Freeman, sheriff of Greene county, to restrain the collection of a judgment on which an execution had been issued. The respondents filed a demurrer challenging the sufficiency of the petition, which demurrer was sustained and final judgment entered for the respondents, and plaintiff appealed.

The amended petition was as follows (caption omitted):

"Comes now the petitioner and prays that summons issue against all defendants herein, and for its bill says:

"First: Plaintiff is now and was at all the dates herein named a corporation organized under the laws of the State of Missouri, with its chief office in the city of Springfield, and engaged as a common carrier of persons by operating cars by electricity in said city and conveying passengers thereon.

"Secondly: That the defendant, W. E. Freeman is now the sheriff of Greene county, Missouri, and has been such sheriff since the first day of January, 1909.

"Third: That the defendants, O. T. Hamlin and T. M. Seawell, are attorneys at law, and members of the bar of Greene county, Missouri, and were practicing attorneys at all the times herein mentioned.

"Fourth: That at all the dates herein mentioned, they, the said Hamlin and Seawell, were the attorneys of record of the defendant, Irel C. Dent, and are now attorneys of record for and of said Irel C. Dent, she the said Irel C. Dent being now a citizen of the State of Missouri, and resident in Greene county, Missouri.

"Fifth: Plaintiff states that on the ——— day of July, 1908, the defendant Irel C. Dent became a passenger on one of the cars of plaintiff and desired to alight therefrom at the corner of Boonville and Pacific streets in said city.

"Sixth: That on arriving at her destination and without waiting for said car to stop, which it was doing, to enable her to alight therefrom, the said Irel C. Dent negligently stepped from said car while it was so in motion and fell to the ground, striking her knee.

"Seventh: Plaintiff states that thereupon she employed and retained the defendants, Hamlin and Seawell, as attorneys, to institute suit for alleged injuries, alleged to have been sustained as a result of said fall, and promised and agreed to pay said Hamlin and Seawell one-half of all sums received from plaintiff herein in an action by them to be instituted.

"Eighth: Plaintiff states that thereafter Irel C. Dent by the said attorneys and co-defendants, to-wit, on November ———, 1908, filed a suit in the circuit court of Greene county, Missouri, to recover judgment for said alleged injuries and in her petition falsely alleged that certain injuries from which she was then suffering, to-wit, an ulcerated knee, was caused by said fall from the car, then and there well knowing that her then condition was the result of prior illness and was in no wise attributable to said fall.

"Ninth: Plaintiff states that at the ——— term, 1909, of said circuit court said cause came on for trial and on the trial thereof plaintiff states that said defendant, Irel C. Dent, willfully, falsely and corruptly testified that said car had come to a stop and started again while she was in the act of alighting therefrom, and willfully, falsely and corruptly testified that her then condition, to-wit, an ulcerated and impaired knee and leg, were caused by said fall, and that prior to said fall nothing had been wrong with her said knee and leg and that she had never suffered therefrom; whereas

in truth and in fact the said car had not come to a stop and was not started again, as by her stated, but as plaintiff alleges she stepped therefrom while said car was in motion; and whereas in truth and in fact her then physical condition was the result of other causes, and as plaintiff alleges her said knee and leg were in bad and diseased condition at the time of said alleged accident and in such condition at the institution of said suit. And plaintiff states that she alone knew of such facts and she alone knew the cause of her then condition and plaintiff was ignorant thereof until after judgment.

"Tenth:    Plaintiff states that the jury in said cause returned a verdict in favor of said Irel C. Dent in the sum of $5500, and plaintiff states that in the trial of said cause the said Irel C. Dent was the sole witness to sustain her charge and contention that prior to the alleged fall she was in perfect physical condition and was the sole witness to the allegation and contention that her then condition, to-wit, the ulcerated knee and injured leg, were caused by said fall from the car of plaintiff, and plaintiff says that said verdict was based solely upon the false and perjured testimony of the said Irel C. Dent, and that there was no other evidence upon which to base said verdict.

"Eleventh:  Plaintiff states that in due time it filed its motion for a new trial and its motion in arrest of judgment and the same being overruled, judgment for said sum was rendered in the said circuit court, Division No. 2, on the ———— day of ———— and the same is duly entered of record in Book ———— at page ———— of the records of said court.

"Twelfth:   Plaintiff states that thereupon it appealed from said judgment to the Springfield Court of Appeals and said judgment was by said Court of Appeals affirmed upon the condition that the said Irel C. Dent enter a remittitur in the sum of $2000.

"Thirteenth: Plaintiff states that upon the return of the mandate of said court to the said circuit court aforesaid, Irel C. Dent, through her said attorneys of record, remitted said sum of $2000 and thereupon caused an execution to issue upon said judgment and the same issued from the office of the clerk of the circuit court of said Greene county, dated the ———— day of ————, and the same was delivered to the defendant, W. E. Freeman, returnable to the September, 1910, term of said court.

"Plaintiff states that on the ———— day of September, 1910, the defendant, W. E. Freeman, sheriff, and as aforesaid sheriff levied said execution upon the following property of plaintiff, to-wit: The south twenty-five feet off lots 1 and 2, block 9, and the west six feet off the north seventy-five feet of lot 2, block 9, and all of lots 3, 4, 11, 12, 13 and 14, of block 9, all of original town of North Springfield, Missouri, and has advertised the sale of said property under and by virtue of said execution on Saturday, October 1, 1910.

"Plaintiff states that notwithstanding the premises the defendant, W. E. Freeman, persisted in the collection of said execution and in order to avoid said threatened sale and in order to prevent the loss of its said property, plaintiff was compelled to pay, and did pay, on the 1st day of October, 1910, the full amount of said execution to the defendant, W. E. Freeman, sheriff as aforesaid, to-wit, the sum of $3779.50.

"Plaintiff states that the defendant, Irel C. Dent, is insolvent and that if said judgment or any part thereof be paid her the same will be lost to plaintiff.

"Plaintiff further states that full notice and knowledge of the claim of plaintiff and of the false testimony of the said Irel C. Dent has been brought home to the defendants, Hamlin and Seawell, and if the said money so paid to said sheriff be paid to defendant, Irel C. Dent, or to her attorneys of record,

159 App.—15

Hamlin and Seawell, the said one-half thereof will be claimed by and paid to said Hamlin and Seawell, under the terms of their employment aforesaid, and this plaintiff will be harassed and compelled to bring multiplied suits to establish their rights to the recovery of said sum so paid.

"Plaintiff states that full knowledge and notice of the claim of plaintiff and of the false testimony of the said Irel C. Dent has been brought home to the defendant, W. E. Freeman, and full knowledge and notice of the contract and claims of defendants, Hamlin and Seawell, have been brought home to the defendant, W. E. Freeman, and plaintiff states that in addition to the principal sum of said judgment and execution plaintiff has paid on such execution to the said W. E. Freeman the costs of said suit, and if said sheriff be permitted to pay out and appropriate the money so paid to him on said execution the plaintiff will be compelled to multiply his suits to establish its right to said money.

"Plaintiff states that by reason of the premises it is compelled to resort to a court of equity, because it is remediless at law, by reason of the rendition of the said judgment and by reason of the insolvency of the defendant Irel C. Dent, and it is compelled to resort to equity to avoid a splitting of a cause of action and to avoid a multiplicity of suits, to-wit a suit for the recovery of a portion of said execution which will be paid to the said Irel C. Dent; to-wit, a suit for the recovery of the portion which will be paid to the defendants Hamlin and Seawell; and to-wit, a suit for the portion which will be paid to the defendant W. E. Freeman, as costs for himself and for distribution in payment of other costs herein.

"Plaintiff states that by reason of the premises it is entitled to the return of said money because the said judgment was obtained by fraud and because the same and the verdict supporting the same is bot-

tomed on false and perjured testimony of the said defendant, Irel C. Dent, and upon her testimony alone, and because said verdict had no other evidence than the testimony of said Irel C. Dent to support it.

"Wherefore petitioner prays that the said money so paid on said execution to the defendant, W. E. Freeman, be impounded and that on final hearing he be restrained from paying and ordered not to pay to the said Irel C. Dent, or to the said O. T. Hamlin, or the said T. M. Seawell, or to the said Hamlin and Seawell jointly, either as individuals jointly or severally, or to them or either of them as attorneys of record of said Irel C. Dent, the said money in his hands collected on said judgment or any part thereof, and that he be restrained from applying and ordered not to apply any part of such fund to the payment of his costs or any other costs in said cause, but that he repay the same to plaintiff.

"Plaintiff further states that the cause of action accruing to this petitioner arises from and is based upon the giving of said false testimony and the payment of the said execution under protest, and to the notice and knowledge of the co-defendants of said Irel C. Dent, of the said false testimony of said Irel C. Dent, brought home to them before the payment of said execution.

"Plaintiff states that before the payment of said money on said execution it protested against the payment of the same to the said defendant, W. E. Freeman, and notified said Freeman not to pay the same or any part thereof to the said Irel C. Dent, and notified said Freeman not to pay the same or any part thereof to said Hamlin and Seawell or to either of them, either as individuals or as representatives of said Irel C. Dent.

"And plaintiff states that it served notice of its said claim on the said Hamlin and Seawell, both as

attorneys of record for said Irel C. Dent and as individuals.

"Wherefore petitioner prays that a writ of equitable garnishment issue herein and that the said funds in the hands of the said W. E. Freeman, defendant and sheriff as aforesaid, be equitably attached and garnished; that the money so in the hands of the said defendant Freeman be impounded and ordered paid into the hands of and into the office of the clerk of the circuit court of Greene county, Missouri, and that he, said Freeman, be restrained from paying said fund or any part thereof to said Irel C. Dent, or to Hamlin and Seawell, or either of them, as attorneys of said Irel C. Dent, or to said Hamlin and Seawell, or either of them, on their individual claims jointly or severally, and that he be restrained from applying any part thereof to his own use or for any costs in said suit to any person.

"Plaintiff states that it served notice of the filing hereof and of its intended application for said preliminary orders on each of said defendants.

"Plaintiff also prays that summons issue herein against each defendant to answer said petition and to show cause why said money so paid by plaintiff to said W. E. Freeman on said execution should not be returned and refunded to plaintiff herein or to show cause why any other order which to this court may seem meet should not be rendered in the premises.

"And plaintiff prays for the return of said sum of money so paid defendant Freeman and for all costs herein expended."

The defendants' demurrer was as follows (caption omitted):

"Come defendants and demur to the petition of the plaintiff herein and for cause assign the following:

"First: Said petition does not state facts sufficient to constitute a cause of action.

"Second: On the face of said petition the plaintiff is not entitled to the relief therein prayed for or for any relief.

"Third: Said petition shows upon its face that the judgment therein referred to and sought to be relieved against was and is a final and conclusive adjudication between the parties hereto of all the several matters now in this proceeding sought to be reopened and relitigated, and that said judgment was and is as to all said matters a conclusive and binding estoppel against the plaintiff to have or maintain this action.

"Fourth: On the face of the amended petition the alleged fraudulent conduct of the defendant, Irel C. Dent, therein complained of is based upon and relates wholly to matters which are shown by said petition to have been directly involved in the issues and tried and finally adjudicated by the court in the cause therein referred to and do not relate to any matters collateral or extrinsic thereto.

"Fifth: The said petition contains no averments of any fraudulent acts or conduct of these defendants or either of them in procuring the said judgment therein referred to sufficient in law or equity to warrant the relief prayed for, or any relief against said judgment.

"Sixth: Said petition contains no averment or allegation of any fraudulent act, artifice or conduct of these defendants, or either of them, whereby plaintiff was misled, deceived or in any wise prevented from procuring and adducing any evidence it might upon the issues in said trial thereof.

"Seventh: Said petition contains no allegations showing due or legal diligence, or any diligence whatever, on the part of the plaintiff in procuring or introducing any evidence it might on the trial of said cause upon any or all of the issues therein and now sought in this proceeding to be reopened and retried."

In July, 1908, Irel C. Dent became a passenger of the Springfield Traction Company, a common carrier of passengers in the city of Springfield, and in alighting from the car fell and struck on one of her knees. She retained Hamlin & Seawell, her co-defendants herein, as her attorneys on a contingent fee and in November, 1908, suit was instituted for the alleged injury, bottomed on alleged negligence of said company. She recovered judgment for $5500. On appeal to this court the judgment was affirmed, but a remittitur was ordered of $2000, which was made, and thereupon exception issued. The Traction Company (using the language of counsel), having discovered that the plaintiff therein, Irel C. Dent, practiced a fraud upon it as well as upon the court, protested against the collection of said judgment on said execution and gave notice to the sheriff holding said execution (defendant Freeman herein) of such fraud and also gave notice thereof to Hamlin and Seawell, co-defendants herein. The charge was made and is now made that the said Irel C. Dent testified falsely in the said trial as to her physical condition prior to the alleged injury received in the accident, the words of the petition in this case being: "And plaintiff states that she alone knew of such facts and she alone knew the cause of her then condition and plaintiff was ignorant thereof until after judgment. Plaintiff states that the jury in said cause returned a verdict in favor of said Irel C. Dent in the sum of $5500, and plaintiff states that in the trial of said cause the said Irel C. Dent was the sole witness to sustain her charge and contention that prior to the alleged fall she was in perfect physical condition and was the sole witness to the allegation and contention that her then condition, to-wit, the ulcerated knee and injured leg were caused by said fall from the car of plaintiff, and plaintiff says that said verdict was based solely upon the said false and perjured testimony of the said Irel C. Dent, and that

there was no other evidence upon which to base said verdict."

By its amended petition plaintiff herein seeks to recover the money paid on the execution on the sole ground that the defendant, Irel C. Dent (plaintiff in the original suit), recovered her judgment on false testimony and that this is such a fraud in the procurement of the judgment as to justify a court of equity in vacating the same.

## OPINION.

NIXON, P. J.—Appellant in this proceeding asserts the equitable right to set aside a final judgment of a court having jurisdiction over the person and subject-matter by collateral attack. The legal proposition asserted by the appellant is that where a judgment is the product of false testimony adduced by the successful litigant with a full knowledge of its falsity, and especially when it is the false testimony of the litigant and is of such character as lies peculiarly within the knowledge of such litigant and is of such character as makes it particularly difficult for an adversary to discover, and the judgment is exclusively predicated on such testimony, that of itself is such fraud in procuring such decree as will warrant the vacation thereof in equity.

If the action of the trial court in overruling the demurrer to the petition were not sustained and the principles contended for by appellant were recognized, the effect would be to declare as a rule of law that a plaintiff can set aside a former judgment and re-try the issues therein made by application to a court of equity. The original action was appealed to this court and an opinion rendered therein. [Dent v. Springfield Traction Co., 145 Mo. App. 61, 129 S. W. 1044]. From the opinion in that case it appears that in the original case a motion for a new trial was filed in the trial court

on the ground of newly discovered evidence in which the identical evidence (or evidence identical in character, which in the present suit is made grounds for invalidating the judgment, was embodied in said motion for new trial. We said that on appeal (l. c. 70):

"V. Another assignment is that the trial court erred in overruling the motion for new trial on the specification of newly discovered evidence.

"The affidavit of counsel on this question stated that the condition of plaintiff was not attributable to the injuries complained of, but to some other cause. Affidavits of the witnesses whose testimony was desired were filed showing that they were acquainted with the plaintiff and lived in the same neighborhood; that about two and one-half years ago, plaintiff complained of one of her lower limbs and said that she had a great deal of trouble with her knee; that plaintiff said several times that she was suffering from an affliction of her limb and that these complaints were made prior to the time when she was injured by the defendant. The evidence of these witnesses was discovered by the appellant soon after the trial and it was claimed that the reason why it was not discovered sooner was on account of the secretiveness of the witnesses prior to the trial and their willingness to testify afterwards. The affidavits, however, did not show that the witnesses did not disclose their knowledge of the plaintiff's physical condition until after the trial and do not sustain the reasons assigned by counsel. Aside from the affidavit of counsel there is nothing to show that they were not ready and willing to assist the appellant before the trial as well as afterwards. The injuries claimed to have been received by respondent were made known to the appellant by her petition several months before the trial. The witnesses resided in the neighborhood of the respondent and could have been interviewed and their testimony ascertained and they could then have been

·compelled to appear as witnesses if her injuries were simulated.

"In response to the affidavits filed by appellant, respondent filed numerous affidavits of witnesses corroborating her statements and contradicting the statements in the affidavits filed by appellant, together with evidence showing that the general reputation for truth and veracity of each of the newly discovered witnesses was bad.

"Under this showing as to the newly discovered evidence, the action of the court in overruling the motion for a new trial was not error."

The appellant's present bill to set aside the former judgment discloses that it is deficient in material allegations, because it alleges that appellant did not know of the former injuries to respondent until after the judgment, and fails to allege that it did not discover the alleged fraud at the time of the filing of the motion for a new trial in the original action. In other words, it was the duty of appellant to present the matter now complained of in its motion for a new trial, because of newly discovered evidence, unless there was an allegation and proof that it did not know of this at said time.

The precise question arising on ultimate facts identical with those in the present case has been exhaustively examined and the law luminously declared by our Supreme Court in the case of Wabash Railroad Co. v. Mirrielees, 182 Mo. 126, 81 S. W. 437, to the following effect: Fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. It can not be set aside on the ground that witnesses falsely testified as to issues settled by the judgment, unless the party obtaining the judgment by some trick or artifice or fraudulent conduct in some manner deceived the other as to what the witnesses would testify to. A bill in equity asking that a judgment in a suit at law be set aside on the ground that it was founded on false testimony, should

show that the plaintiff exercised diligence to discover the falsity of such testimony, or was prevented by some trick or the fraudulent conduct of the successful party in that suit from exercising such diligence.

The law on the questions involved in this record in this state and in most other jurisdictions has reached a stable equilibrium. "Although some few cases sustain the doctrine that equity may grant relief against a judgment obtained by means of false testimony, and especially where it was procured, concocted, and intentionally produced by the successful party, yet the weight of authority is to the effect that there is no ground for equitable interference with a judgment in. the fact that perjury was committed by *such party* or his witnesses at the trial, . . . ." [23 Cyc. 1027.] Fraud for which a judgment may be vacated or enjoined must be collateral to the issues adjudicated in the case and must exist in the very procurement of the judgment. Such judgment can not be set aside on the ground that witnesses falsely testified as to issues settled by the judgment unless the party obtaining the judgment by some trick or artifice or fraudulent conduct in some manner deceived the other party as to what the witnesses would testify. [Wabash Railroad Co. v. Mirrielees, supra; Howard v. Scott, 225 Mo. l. c. 712, 125 S. W. 1158; Vance v. Burbank, 101 U. S. 514; United States v. Throckmorton, 98 U. S. 61.] The reason for this rule is very ably stated by SHAW, C. J., in Greene v. Greene, 2 Gray 361, as follows: "But where the same matter has been either actually tried or so in issue that it might have been tried, it is not again admissible; the party is estopped to set up such fraud, because the judgment is the highest evidence, and cannot be controverted." The vitality of the old common law maxim is yet unabated—*Interest republicae ut sit finis litium*,—meaning. It concerns the commonwealth that there be a limit to litigation. The establishment of the right in the defeated party, claimed by the appel-

lant, would open the way for another contest in equity in almost, if not in every, suit decided by a court of law. [Gray v. Barton, 62 Mich. 196.] One of the special grounds of equity jurisdiction is the prevention of a multiplicity of suits; but if courts of equity were to assert a right to re-try every case in which a judgment or decree had been procured on the evidence of perjured witnesses, equity would itself become an instrument of mischief and engender an endless strife between litigants which it was instituted to prevent.

It thus manifestly appears that the judgment in this case of the learned judge of the trial court in sustaining defendants' demurrer to the petition was in accordance with reason and authority, and such judgment is therefore affirmed.    All concur.